1    Patrick D. Cummins, CA Bar No.: 294400

2    Patrick@CumminsIP.com

3    **Cummins IP PLLC**

4    3426 PEPPERHILL RD

5    LEXINGTON, KY 40502

6    TEL: 502.445.9880

7    ***Counsel for Plaintiff,***

8    ***Mr. Todd Deetsch***

9

10             **U.S. DISTRICT COURT**

11        **SOUTHERN DISTRICT OF CALIFORNIA**

12

| | | |
|---|---|---|
| MR. TODD DEETSCH, AN INDIVIDUAL, | ) ) | Case No.: **'22 CV 1166 RSH BLM** |
|      Plaintiff, | ) | **COMPLAINT FOR:** |
|      v. | ) | **1. PATENT INFRINGEMENT** |
| | ) | **2. UNFAIR COMPETITION** |
| PETER LEI, AN INDIVIDUAL, | ) | |
| LUMIA PRODUCTS CO. LLC, A | ) | **DEMAND FOR JURY TRIAL** |
| CORPORATION, | ) | |
| AMAZON.COM, INC., A | ) | |
| CORPORATION, and | ) | |
| AMAZON.COM SERVICES LLC, | ) | |
| A CORPORATION, | ) | |
|      Defendants. | ) | |
| | ) | |

Plaintiff TODD DEETSCH ("Plaintiff"), by and through counsel CUMMINS IP PLLC, for its complaint against Defendant LUMIA PRODUCTS CO. LLC, Defendant PETER LEI, Defendant AMAZON.COM, INC., and Defendant AMAZON.COM SERVICES LLC (collectively "Defendants"), allege as follows:

## **PARTIES**

1.    Todd Deetsch is the owner of federally granted patents and sells CPAP Pillow products using a principal place of business at 208 Linney Avenue, Louisville, KY 40243.

2.    Lumia Products Co. LLC is a California limited liability company with a principal place of business at 6755 Mira Mesa Blvd., Suite 123-183, San Diego, California 92121.

3.    Peter Lei, an individual, is the owner and agent for service of process for Lumia Products Co. LLC with an address of 6755 Mira Mesa Blvd., Suite 123-183, San Diego, California 92121.

4.    Amazon.com, Inc. is a Delaware corporation with a principal place of business at 410 Terry Ave N, Seattle 98109, WA.

5.    Amazon.com Services LLC is a Delaware corporation with a principal place of business at 410 Terry Ave N, Seattle 98109, WA.

## **JURISDICTION AND VENUE**

6.    This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and §1338, as the dispute between the parties presents a substantial question of federal patent law.

7.    The Court also has jurisdiction pursuant to 28 U.S.C. §2201(a), as Plaintiff seeks a declaration of rights in relation to Defendants.

8.    This Court has personal jurisdiction over the Defendants, which are regularly conducting business in California State and this District both directly

1   and indirectly, and, upon information and belief, deriving substantial revenue from

2   business transacted within California State and this District by advertising,

3   distributing, offering for sale, and selling of unauthorized goods in California

4   State and this District, and thus are subject to personal jurisdiction in this District.

5   9.      Venue is proper in this district under 28 U.S.C. §1391(b)(3) and 28 U.S.C.

6   §1400(b).

7                                    **BACKGROUND**

8   10.     This is an action for infringement of Plaintiff's United States Patents: US

9   D595529 and US D595530 (collectively the "Deetsch Patents") under 35 U.S.C. §

10  271 and 35 U.S.C. § 289, and an action for unfair competition under 15 U.S.C. §

11  1125(a)), based on Defendants' unauthorized commercial making, using, offering

12  for sale, and selling in the United States, and importing into the United States,

13  Defendants' pillow products and pillowcase products ("Lumia Pillow products").

14  11.     Plaintiff designs and sells, in the United States and worldwide, his patented,

15  continuous positive airway pressure pillow products ("CPAP Pillow products").

16  12.     Plaintiff's CPAP Pillow products have received multiple awards, grants, and

17  stellar reviews for their design.

18  13.     Defendants are infringing Plaintiff's federally granted patents, and

19  participating in unfair competition and false designation of source, by Defendants'

20  direct and/or indirect making, using, selling, and offering for sale in the United

21  States, and importing into the United States, Defendants' Lumia Pillow products

22  that embody the designs claimed in the Deetsch Patents.

23  14.     United States Patent Number USD595529 ("the '529 Patent") entitled

24  "Pillow Insert" was duly and legally issued on July 7, 2009, and names Todd

25  Deetsch as the inventor.  Attached as Exhibit 1 is a true and correct copy of the

26  '529 Patent.

27

28

15.    The '529 Patent claims the ornamental design for a pillow insert, as shown and described in the '529 Patent and Exhibit 1.

16.    Plaintiff has been, and still is, the owner of the entire right, title, and interest in and to the validly issued '529 Patent.

17.    United States Patent Number USD595530 ("the '530 Patent") entitled "Pillow with X Straps" was duly and legally issued on July 7, 2009, and names Todd Deetsch as the inventor.  Attached as Exhibit 2 is a true and correct copy of the '530 Patent.

18.    The '530 Patent claims the ornamental design for a pillow with X straps, as shown and described in the '530 Patent and Exhibit 2.

19.    Plaintiff has been, and still is, the owner of the entire right, title, and interest in and to the validly issued '530 Patent.

20.    Upon information and belief, and as in Exhibit 3, on or before August 16, 2018, Defendants sold Lumia Pillow products that infringe the Deetsch Patents.

21.    During April and May of 2022, Counsel for Plaintiff discovered that Hangzhou Jiuze Technology Co., Ltd. ("the Jiuze Co."), located in the People's Republic of China, manufactured the Lumia Pillow products for Defendants under false pretenses.  This discovery came about during discussions between Counsel for Plaintiff, and Mr. Max Jiang and Mrs. Amy Yan, agents of the Jiuze Co., as shown in Exhibit 4.

22.    Upon information and belief, and as indicated by the correspondence in Exhibit 4, Defendant Peter Lei provided electronic communications to the Jiuze Co., before August 16, 2018, in furtherance of causing the Jiuze Co., under false pretenses, to customize and manufacture Lumia Pillow products that infringe the Deetsch Patents.

23.    Upon information and belief, and as indicated in the correspondence attached as Exhibit 4, the electronic communications referenced in Paragraph 22

1  fraudulently indicated, to the Jiuze Co., that Defendant Peter Lei had permission

2  to cause the manufacturing and/or importation of the Lumia Pillow products.

3  24.    Upon information and belief, and as shown in Exhibit 5, Defendants

4  published information on July 21, 2020, on the website Amazon.com,

5  corroborating that the Lumia Pillow products embody a design from the United

6  States but are manufactured in China.

7  25.    Upon information and belief, numerous imported, infringing Lumia Pillow

8  products have been sold by Defendants.  Exhibit 6 includes a screen capture of

9  Amazon.com from April 1, 2020 showing 159 reviews of the "Lumia Wellness

10  CPAP Pillow" and an indication that Lumia Pillow products "ship[] from"

11  Amazon.

12  26.    Upon information and belief, as in Exhibit 7, Plaintiff Todd Deetsch

13  submitted an electronic request ("the 2020 Amazon Request") to Defendant

14  Amazon.com, Inc. on December 8, 2020 through Defendant Amazon.com, Inc.'s

15  Brand Registry portal.

16  27.    The 2020 Amazon Request expressly identified the Deetsch Patents.

17  28.    The 2020 Amazon Request asked Defendant Amazon.com, Inc. to remove

18  Defendants' Lumia Pillow products from their website.

19  29.    Plaintiff sent a cease and desist letter ("the 2022 Lumia Letter" attached

20  hereto as in Exhibit 8) to Defendants, Peter Lei and Lumia Products Co. LLC,

21  March 21, 2022 by United States Postal Service ("USPS") Certified Mail with

22  Return Receipt Requested.

23  30.    The 2022 Lumia Letter was received by Defendants on March 24, 2022 as

24  evidenced by USPS tracking history.

25  31.    The 2022 Lumia Letter identified the '529 Patent.

26  32.    Defendant Peter Lei and Defendant Lumia Products Co. LLC did not

27  respond to Counsel for Plaintiff regarding the 2022 Lumia Letter.

28

33. Plaintiff sent a separate cease and desist letter ("the 2022 Amazon Letter" attached hereto as Exhibit 9) to Defendant Amazon.com, Inc., March 21, 2022 by USPS Certified Mail with Return Receipt Requested.

34. The 2022 Amazon Letter was received on March 24, 2022 as evidenced by USPS tracking history.

35. The 2022 Amazon Letter identified the '529 Patent.

36. Defendant Amazon.com, Inc. responded to the 2022 Amazon Letter with an electronic message, provided in Exhibit 10, requesting that any alleged infringement be reported through their Brand Registry portal.

37. Per paragraph 26 of this Complaint, Plaintiff had previously submitted the 2020 Amazon Request through Defendant Amazon.com, Inc.'s Brand Registry portal more than a year prior to the mailing of the 2022 Amazon Letter.

38. Plaintiff submitted other correspondence (attached hereto as Exhibit 11) to Defendant Amazon.com Inc., prior to the 2020 Amazon request, notifying Defendant Amazon.com, Inc. of the Deetsch Patents and the infringing Lumia Pillow products.

39. Upon information and belief, Defendants have not stopped engaging in their willfully infringing activities.

40. Upon information and belief, Defendants Lumia Pillow products have infringed, directly, indirectly, and/or by equivalents, the '529 Patent by making, using, selling, and offering for sale Defendants' Lumia Pillow products in the United States, and importing into the United States, Defendants' Lumia Pillow products that embody the claimed design of the '529 Patent.

41. Upon information and belief, Defendants Lumia Pillow products have infringed, directly, indirectly, and/or by equivalents, the '530 Patent by making, using, selling, and offering for sale Defendants' Lumia Pillow products in the

United States, and importing into the United States, Defendants' Lumia Pillow products that embody the claimed design of the '530 Patent.

42.     Upon information and belief, Defendants have known of the existence of the Deetsch Patents, and their acts of infringement have been willful and in disregard for the Deetsch Patents, without any basis for believing that Defendants had a right to engage in the infringing conduct.

43.     Plaintiff has sustained, and is likely to continue sustaining, actual damages due to Defendants' activities, including lost sales and reduced market share resulting from Defendants' infringing conduct.

44.     Unless enjoined by this Court, Defendants will continue to infringe the Deetsch Patents and cause Plaintiff to suffer irreparable harm for which there is no adequate remedy at law.  Plaintiff is thus entitled to an injunction against Defendants.

## COUNT 1
### (Infringement of the '529 Patent)

45.     Plaintiff repeats and realleges paragraphs 1-44 of this Complaint, as if fully set forth herein.

46.     Plaintiff is the owner of all right, title, and interest in and to the validly issued '529 Patent including all rights to enforce the '529 Patent.

47.     Upon information and belief, Defendants have been and are infringing, directly, indirectly, and/or by equivalents, the '529 Patent by making, using, selling, offering for sale in the United States, and/or importing into the United States, including within California State and this District, Defendants' Lumia Pillow products in violation of 35 U.S.C. §§ 271 and 289.

48.     Upon information and belief, Defendants' infringement has been, and continues to be knowing, intentional, and willful.

49.     Defendants' acts of infringement of the '529 Patent have caused and will continue to cause Plaintiff damages for which Plaintiff is entitled to compensation pursuant to 35 U.S.C. §§ 284 and 289.

50.     Defendants' acts of infringement of the '529 Patent have caused and will continue to cause Plaintiff immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

51.     This case is exceptional and, therefore, Plaintiff is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285.

## COUNT 2

## (Infringement of the '530 Patent)

52.     Plaintiff repeats and realleges paragraphs 1-51 of this Complaint, as if fully set forth herein.

53.     Plaintiff is the owner of all right, title, and interest in and to the validly issued '530 Patent including all rights to enforce the '530 Patent.

54.     Upon information and belief, Defendants have been and are infringing, directly, indirectly, and/or by equivalents, the '530 Patent by making, using, selling, offering for sale in the United States, and/or importing into the United States, including within California State and this District, Defendants' Lumia Pillow products in violation of 35 U.S.C. §§ 271 and 289.

55.     Upon information and belief, Defendants' infringement has been, and continues to be knowing, intentional, and willful.

56.     Defendants' acts of infringement of the '530 Patent have caused and will continue to cause Plaintiff damages for which Plaintiff is entitled to compensation pursuant to 35 U.S.C. §§ 284 and 289.

57.     Defendants' acts of infringement of the '530 Patent have caused and will continue to cause Plaintiff immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.

58.     This case is exceptional and, therefore, Plaintiff is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285.

## COUNT 3

### (Unfair Competition – 15 U.S.C. § 1125(a))

59.     Plaintiff repeats and realleges paragraphs 1-58 hereof, as if fully set forth herein.

60.     Upon information and belief, Defendants have been engaging in unfair competition by selling, offering to sell, distributing, and advertising in the United States, including within California State and this District, Defendants' Lumia Pillow products in violation of 15 U.S.C. §1125(a).

61.     Defendants acts of unfair competition have caused and will continue to cause Plaintiff damages for which Plaintiff is entitled to compensation pursuant to 15 U.S.C. §1117.

62.     Defendants' acts of unfair competition have caused and will continue to cause Plaintiff immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 15 U.S.C. §1116.

**WHEREFORE**, Plaintiff requests judgement against Defendants as follows:

**(as regarding Count 1 …)**

1.     Adjudging, finding, and declaring that Defendants' Lumia Pillow products have and do infringe, directly or by equivalents, the '529 Patent, in violation of 35 U.S.C. §§ 271 and 289;

2.     Granting an injunction and permanently enjoining Defendants and Defendants' employees, agents, officers, servants, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from infringing the '529 Patent, including all making, using, importing, advertising, offering for sale and selling Defendants' Lumia Pillow product on any online shopping platforms, any

online sales platform, as well as others distributing or selling Defendants' Lumia Pillow products to the public and/or retailers, permanently remove from the platform any and all sales pages illustrating, featuring, mentioning, selling, offering for sale Defendants' Lumia Pillow products, or any similar product, pursuant to 35 U.S.C. §283;

3.      Ordering Defendants to account for all sales, revenues, and profits, and to pay actual and compensatory damages adequate to compensate Plaintiff for Defendants' infringement of the '529 Patent, with pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. §§ 284 and 289; and

4.      Ordering that damages be awarded and increased in an amount up to three times the actual amount assessed, pursuant to 35 U.S.C. §§ 284 and 289;

**(as regarding Count 2 …)**

5.      Adjudging, finding, and declaring that Defendants' Lumia Pillow products have and do infringe, directly or by equivalents, the '530 Patent, in violation of 35 U.S.C. §§ 271 and 289;

6.      Granting an injunction and permanently enjoining Defendants and Defendants' employees, agents, officers, servants, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from infringing the '530 Patent, including all making, using, importing, advertising, offering for sale and selling Defendants' Lumia Pillow product on any online shopping platforms, any online sales platform, as well as others distributing or selling Defendants' Lumia Pillow products to the public and/or retailers, permanently remove from the platform any and all sales pages illustrating, featuring, mentioning, selling, offering for sale Defendants' Lumia Pillow products, or any similar product, pursuant to 35 U.S.C. §283;

7.      Ordering Defendants to account for all sales, revenues, and profits, and to pay actual and compensatory damages adequate to compensate Plaintiff for Defendants' infringement of the '530 Patent, with pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. §§ 284 and 289; and

8.      Ordering that damages be awarded and increased in an amount up to three times the actual amount assessed, pursuant to 35 U.S.C. §§ 284 and 289;

**(as regarding Count 3 …)**

9.      Adjudging, finding, and declaring that Defendants have engaged in unfair competition in violation of 15 U.S.C. §1125(a);

10.     Ordering Defendants to provide Plaintiff with sufficient information to determine any past and/or present source of manufacture, suppliers, and distributors of Defendants' Lumia Pillow products, pursuant to 15 U.S.C. §1116(a);

11.     Granting an injunction and permanently enjoining Defendants and Defendants' employees, agents, officers, servants, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from engaging in unfair competition or false designation of origin under 15 U.S.C. §1125(a), pursuant to 15 U.S.C. §1116(a);

12.     Ordering that Defendants destroy all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendants and Defendants' employees, agents, officers, servants, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from engaging in violation of 15 U.S.C. §1125(c), pursuant to 15 U.S.C. §1118;

13.     Ordering that the online shopping platform Amazon.com, and any other online sales platforms, as well as others selling Defendants' Lumia Pillow

products to the public and/or retailers, permanently remove from their platform any and all sales pages illustrating, featuring, mentioning, selling, or offering for sale Defendants' Lumia Pillow product or any similar product, pursuant to 15 U.S.C. §1116(a);

14.    Ordering Defendants to account for all sales, revenues, and profits, and to pay actual and compensatory damages adequate to compensate Plaintiff for Defendants violations of the Lanham Act, pursuant to 15 U.S.C. §1117(a);

15.    Ordering that the sum found as actual damages be increased in an amount up to three times the actual amount assessed and awarded, pursuant to 15 U.S.C. §1117(a);

16.    Ordering Defendants to pay the costs of the action, pursuant to 15 U.S.C. §1117(a);

**(as regarding all Counts …)**

17.    Declaring this case exceptional and awarding Plaintiff its reasonable attorneys' fees, pursuant to 35 U.S.C. §285 and pursuant to 15 U.S.C. §1117(a);

18.    Ordering Defendants to provide Plaintiff with sufficient information to determine any past and/or present source of manufacture, suppliers, and distributors of Defendants' Lumia Pillow products;

19.    Ordering Defendants to pay for expenses incurred by Plaintiff for monitoring Defendant's infringing activities, and communicating with Defendants and their agents to prevent Defendants' infringing activities.

20.    An order requiring Defendants to pay punitive damages due to Defendants' willful acts.

21.    An order directing Defendant Peter Lei to issue a signed, written apology to Mr. Max Jiang and Mrs. Amy Yan, agents of Hangzhou Jiuze Technology Co., Ltd., explaining the fraudulent scheme conducted by Defendant Peter Lei.

22.    Awarding such other and further relief as this Court deems just and proper.

| | |
|---|---|
| 1 | **<u>JURY DEMAND</u>** |
| 2 | Pursuant to Rule 38, Fed. R. Civ. P., Plaintiff demands a trial by jury on all issues |
| 3 | so triable. |
| 4 | |
| 5 | Dated: August 8, 2022 |
| 6 | **CUMMINS IP PLLC** |
| 7 | *<u>/s/ Patrick Cummins</u>*, |
| 8 | Patrick D. Cummins, CA Bar No. 294400 |
| 9 | 3426 Pepperhill Rd. |
| 10 | Lexington, KY 40502 |
| 11 | Telephone: (502) 445-9880 |
| 12 | Patrick@CumminsIP.com |
| 13 | ***Counsel for Plaintiff, Mr. Todd Deetsch*** |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |