1
2
3
4
5
6
7

8                     UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  TODD DEETSCH, | Case No.:  22-cv-1166-RSH-BLM |
| 12                          Plaintiff, | |
| 13       v. | **ORDER:** |
| 14  PETER LEI, LUMIA PRODUCTS CO. | **(1) GRANTING & DENYING IN PART THE LEI DEFENDANTS' MOTION TO DISMISS;** |
| 15  LLC, AMAZON.COM, INC., and AMAZON.COM SERVICES LLC, | |
| 16                          Defendants. | **(2) GRANTING & DENYING IN PART THE AMAZON DEFENDANTS' MOTION TO SEVER OR DISMISS;** |
| 17 | |
| 18 | |
| 19 | **(3) DENYING AS MOOT PLAINTIFF'S MOTION TO STRIKE SUPPLEMENTAL DOCUMENT; AND** |
| 20 | |
| 21 | |
| 22 | **(4) DENYING AS MOOT PLAINTIFF'S MOTION TO AMEND** |
| 23 | |
| 24 | [ECF Nos. 20, 23, 34, 36] |
| 25 | |

26         Pending before the Court are four motions: (1) a motion to dismiss filed by

27  Defendants Peter Lei and Lumia Products Co. LLC (the "Lei Defendants"), ECF No. 20;

28  (2) a motion to sever or dismiss filed by Defendants Amazon.com, Inc. and Amazon.com

Services LLC (the "Amazon Defendants"), ECF No. 23; (3) Plaintiff Todd Deetsch's motion to strike a supplemental document filed by the Amazon Defendants, ECF No. 34; and (4) Plaintiff's motion to amend the First Amended Complaint, ECF No. 36. As set forth below, the motions to dismiss are granted in part and denied in part; the motion to sever is denied; the motion to strike is denied as moot; and the motion to amend is denied as moot.

## I.   BACKGROUND

Plaintiff filed his original complaint on August 9, 2022, alleging unfair competition and infringement of two patents, U.S. Design Patent Numbers D595529 (the "'529 Patent") and D595530 (the "'530 Patent"). ECF No. 1. After the Lei Defendants and Amazon Defendants moved to dismiss, Plaintiff filed his First Amended Complaint ("FAC") on December 4, 2022. ECF Nos. 15, 17, 18.

The FAC alleges as follows. Plaintiff owns the '529 Patent (entitled "Pillow Insert") and the '530 Patent (entitled "Pillow with X Straps"). ECF No. 18 at ¶¶ 19, 22. He "designs and sells, in the United States and worldwide, his patented, continuous positive airway pressure ('CPAP') pillow products ('Plaintiff's Pillow Products'), which are sold through his webstore ProPap.net and many other retailers." *Id.* at ¶ 14. The Lei Defendants are selling pillow products, manufactured in China, that infringe Plaintiff's patents. *Id.* at ¶¶ 16, 30. Using the online marketplace provided by the Amazon Defendants, the Lei Defendants have sold thousands of infringing products domestically and internationally. *Id.* at ¶ 27.

Additionally, the Lei Defendants have "utilized unauthorized images of Plaintiff's likeness (e.g., the Plaintiff's face as viewed from multiple angles) on advertising and packaging media." *Id.* at ¶ 28. These images used by the Lei Defendants were taken from Plaintiff's own advertising. *Id.*

On July 21, 2020, the Lei Defendants published a statement about their product on the website Amazon.com, stating that their pillow products "were designed in the United States but are manufactured in China." *Id.* at ¶ 30. Plaintiff alleges that this statement is

deceptive, likely caused consumer confusion, and diverted sales and web traffic from Plaintiff to the Lei Defendants. *Id.* at ¶ 31.

On December 8, 2020, Plaintiff submitted an electronic request to Defendant Amazon.com identifying Plaintiff's patents, and asking Amazon.com to remove the Lei Defendants' pillow products from the Amazon website. *Id.* at ¶¶ 41, 43. This request was sent through Amazon.com's "Brand Registry" portal. *Id.* at ¶ 41.  Plaintiff followed this request with two letters sent by mail on March 21, 2022. *Id.* at ¶¶ 44, 48. In response, Plaintiff was told that any alleged infringement must be reported through the Brand Registry portal, which Plaintiff had already done over a year before. *Id.* at ¶ 51.

The Amazon Defendants' Brand Registry services page advertises "Automated Protections" that are "[p]owered by Amazon's Machine Learning." *Id.* at ¶ 55. The Amazon Defendants advertise the ability of the Brand Registry services to "save valuable time," and claim that the service allows users to report "patent[] and design right violations." *Id.* at ¶ 58. The Amazon Defendants further advertise that the service uses "advanced machine learning that prevents bad listings," and can "[r]emove counterfeits instantly" "without the need to contact [Amazon]." *Id.* Plaintiff signed up for and paid for a Brand Registry service subscription, and submitted multiple complaints through that system, all to no avail. *Id.* at ¶ 60.[1] Plaintiff describes the Amazon Defendants' statements about their Brand Registry service as misrepresentations, and alleges that these misrepresentations caused him delays in seeking other forms of relief. *Id.* at ¶¶ 63, 64.

The FAC brings five claims: (1) infringement of the '529 Patent; (2) infringement of the '530 Patent; (3) false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B); (4) false association in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); and (5) copyright infringement. ECF No. 18.

---

[1]     According to the attachments to the FAC, Amazon advised Plaintiff that the Lumia pillow was "not substantially similar" to Plaintiff's design. ECF No. 18-1 at 40.

3

On December 16, 2022, the Lei Defendants moved to dismiss the FAC for failure to state a claim. ECF No. 20. On December 19, 2022, the Amazon Defendants moved to sever and stay the claims filed against them, or in the alternative, to dismiss the FAC for failure to state a claim. ECF No. 23. The motions are fully briefed. ECF Nos. 27 (Opposition), 28 (Lei Defendants' Reply), 29 (Amazon Defendants' Reply).

On February 22, 2023, Plaintiff filed a motion to strike a notice of supplemental authority filed by the Amazon Defendants without leave of Court. ECF No. 34. The Amazon Defendants filed an opposition. ECF No. 37.

Finally, on February 24, 2023, Plaintiff filed a motion for leave to amend the FAC to remove claim five for copyright infringement. ECF No. 36. The Amazon Defendants do not oppose. ECF No. 38. The Lei Defendants oppose, arguing that Plaintiff's copyright claim should be dismissed with prejudice. ECF No. 39.

## II.    MOTIONS TO DISMISS

### A.    Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 12(b)(6). The plausibility standard demands more than a "formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557). Instead, a complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). When reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). (citing *Nat'l Wildlife Fed'n v. Espy*, 45 F.3d

1337, 1340 (9th Cir. 1995)). The court need not take legal conclusions as true "merely because they are cast in the form of factual allegations." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (quoting *W. Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998) (citing *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996)).

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

### B. '529 and '530 Patent Infringement Claims

The Federal Circuit has outlined five elements that must pleaded for a claim of design patent infringement: "to (i) allege ownership of the patent, (ii) name each defendant, (iii) cite the patent that is allegedly infringed, (iv) state the means by which the defendant allegedly infringes, and (v) point to the sections of the patent law invoked. . . . 'Rule 12(b)(6) requires no more.'" *Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1362 (Fed. Cir. 2013) (quoting *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790 (Fed. Cir. 2000)).

The Lei Defendants do not challenge the FAC's pleading of the elements of patent infringement in Claims One and Two, but instead assert that those claims should be dismissed because the patent designs are plainly dissimilar to the accused product and fail the "ordinary observer test." ECF No. 20-1 at 2-13.

The "ordinary observer" test determines whether a design patent has been infringed. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008). A design patent is infringed "if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other." *Id.*

at 670 (quoting *Gorham Co. v. White*, 81 U.S. 511, 528 (1871)). A patentee fails to prove infringement where the claimed and accused designs are "sufficiently distinct" and "plainly dissimilar." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (9th Cir. 2015) (citing *Egyptian Goddess*, 543 F.3d at 678). "[W]hen the claimed and accused designs are not plainly dissimilar, resolution of the question whether the ordinary observer would consider the two designs to be substantially the same will benefit from a comparison of the claimed and accused designs with the prior art . . . [which] is not a test for determining validity, but is designed solely as a test of infringement." *Egyptian Goddess*, 543 F.3d at 678; *see Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1295 (Fed. Cir. 2010) ("The patentee must establish that an ordinary observer, familiar with the prior art designs, would be deceived into believing that the accused product is the same as the patented design."). "[T]he burden of proof as to infringement remains on the patentee. However, if the accused infringer elects to rely on the comparison prior art as part of its defense against the claim of infringement, the burden of production of that prior art is on the accused infringer." *Egyptian Goddess*, 543 F.3d at 678.

"Infringement of a design patent is a question of fact." *Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277, 1287 (Fed. Cir. 2002) (citing *Shelcore, Inc. v. Durham Indus., Inc.*, 745 F.2d 621, 628-29, (Fed. Cir. 1984)). "Therefore, it is generally inappropriate to make this determination on a motion to dismiss, unless the claimed design and accused product are so plainly dissimilar that it is implausible that an ordinary observer would confuse them." *Enerlites, Inc. v. Century Prod. Inc.*, No. 8:18-cv-00839-JVS-KES, 2018 WL 4859947, at *3 (C.D. Cal. Aug. 13, 2018); *see Grand Gen. Accessories Mfg. v. United Pac. Indus. Inc.*, No. 2:08-cv-07078-DDP-VBK, 2009 WL 10672038, at *3 (C.D. Cal. June 11, 2009) ("[I]t is not generally appropriate to make this determination on a motion to dismiss."); *Five Star Gourmet Foods, Inc. v. Fresh Express, Inc.*, No. 19-CV-05611-PJH, 2020 WL 513287, at *9 (N.D. Cal. Jan. 31, 2020) ("[D]efendant argues that an ordinary observer would not find the designs to appear substantially the same. . . . [t]he court declines to resolve this inherently factual question on this motion to dismiss.");

*simplehuman, LLC v. iTouchless Housewares & Prod., Inc.*, No. 19-CV-02701-HSG, 2019 WL 5963245, at *2 (N.D. Cal. Nov. 13, 2019) ("Because design patent infringement presents a question of fact, dismissal is generally inappropriate . . . ."); *California Costume Collections, Inc. v. Pandaloon, LLC*, No. 2:21-cv-01323-JWH-JEMx, 2022 WL 1062056, at *5 (C.D. Cal. Apr. 7, 2022) (finding the accused product and patent design were not so dissimilar that the question of infringement could be resolved on a motion to dismiss).

The Lei Defendants argue, first, that the '529 Patent discloses a pillow without a pillowcase, but that Lumia only advertises and sells its CPAP pillows *with* a pillowcase. ECF No. 20-1 at 4-5. To support this factual assertion, the Lei Defendants cite only a URL for Lumia's own website. *Id.* at 5 nn.1, 2. But entering that URL into a web browser takes the viewer to a page that reads, "404 Page Not Found." Because the Lei Defendants' argument lacks factual support, the Court declines to consider it further.

The Lei Defendants next argue that there are plain dissimilarities between its product and Plaintiff's patented designs. The Lei Defendants rely principally on a series of annotated illustrations and photos from the FAC, comparing Plaintiff's design in the '529 and '530 Patents and the Lumia product. *Id.* at 6-13. But the fact that the Lei Defendants are able to articulate differences does not establish that the two designs are plainly dissimilar. "Differences, [] must be evaluated in the context of the claimed design as a whole, and not in the context of separate elements in isolation. . . . the fact finder must apply the ordinary observer test by comparing similarities in overall designs, not similarities of ornamental features in isolation." *Ethicon Endo-Surgery, Inc.*, 796 F.3d at 1335. The Lei Defendants identify a logo tag, visible zipper, textured material, and closer straps on their product as evidence of it being "plainly dissimilar" to Plaintiff's '530 Patent. ECF No. 20-1 at 13-14. These are isolated ornamental features that fail to show that the overall designs are plainly dissimilar. *See Lights Out Prods., LLC v. Triller, Inc.*, No. 2:22-cv-00416-MCS-MAA, 2022 WL 2159278, at *2 (C.D. Cal. Apr. 27, 2022) ("[T]here are differences Defendants identify, including the lack of a door in the accused product, an apparent difference in height between the claimed product and the accused product, and

different visual design for the corners of the two products . . . these differences in isolation do not make the overall designs so plainly dissimilar that it is implausible an ordinary observer would confuse them."); *Benebone LLC v. Pet Qwerks, Inc.*, No. 8:20-cv-00850-AB-AFMx, 2020 WL 8732321, at *5 (C.D. Cal. Sept. 3, 2020) ("[D]espite Defendant's attempt to distinguish individual ornamental elements of the accused design . . . it is not implausible that an ordinary consumer could confuse the [accused product] with the [] Patent design given the similarities in overall design."); *Cal. Costume Collections, Inc.*, 2022 WL 1062056, at *5 (denying a motion to dismiss for plain dissimilarity when the accused product was a gingerbread dog costume and the design patent was a bear costume for a dog).

The Lei Defendants characterize Plaintiff's '529 Patent as depicting "sharp angles," "sharp slopes," and "sharp bumps" as evidence that it is plainly dissimilar to their product which has "rounded" and "gradual" angles, slopes, and bumps. ECF No. 20-1 at 6-8. Although the patent design may exhibit angles that are slightly less sloped and rounded than the Lei Defendant's product, the Court does not agree with the Lei Defendants' conclusion that plain dissimilarity as a matter of law is supported by the images.

Similarly, the Lei Defendants distinguish the "pointed" top and "angled" bottom portions of their product from the "rounded" top and "vertical" bottom portions of Plaintiff's '530 Patent to show that they are plainly dissimilar. *Id.* at 9. Despite these characterizations, the labeled top portion of the Lei Defendants' product also appears to be "rounded," not "pointed," and any variation in the angles of the bottom portions does not appear significant. *Id.* Again, neither the images nor the Lei Defendants' characterizations establish plain dissimilarity.

As depicted below, a comparison of the patented designs and the accused products demonstrates a sufficient visual similarity to render infringement plausible.

**Plaintiff's Patent D595529**

**Defendants' Product**



Fig. 2

Fig. 3

Fig. 4

**Plaintiff's Patent D595530**

**Defendants' Product**

Fig. 1

Fig. 2

Fig. 3

Fig. 4

Fig. 5

9

Although the '529 and '530 Patents are not identical to the Lei Defendants' product design, "minor differences between a patented design and an accused article's design cannot, and shall not, prevent a finding of infringement." *TV Ears, Inc. v. Joyshiya Dev. Ltd.*, No. 3:20-cv-01708-WQH-BGS, 2021 WL 5396111, at *11 (S.D. Cal. Nov. 18, 2021) (quoting *Litton Sys., Inc. v. Whirlpool Corp.*, 728 F.2d 1423, 1444 (Fed. Cir. 1984)); *see Kao v. Snow Monster Inc.*, No. CV 17-08934-RSWL-GJSx, 2019 WL 2164192, at *3 (C.D. Cal. May 16, 2019) ("If slight variances in size or proportion negated infringement, the protection afforded by design patents would essentially be rendered useless."). The designs are not plainly dissimilar to the extent that infringement is implausible.

"When the products are not 'plainly dissimilar,' examination of the prior art might reveal differences between the designs at issue that are unnoticeable 'in the abstract,' but significant in the context of the prior art." *Daimler AG v. A-Z Wheels LLC*, 334 F. Supp. 3d 1087, 1103 (S.D. Cal. 2018) (citing *Egyptian Goddess*, 543 F.3d at 670). The Lei Defendants have not introduced evidence of prior art and the Court declines to address it. *See TV Ears, Inc.*, 2021 WL 5396111, at *11 ("The parties have not presented any prior art through which the importance of the differences can be analyzed. At the current stage in litigation, the Court is unable to conclude that an ordinary observer would not be deceived into believing that Defendants' device is the same as the patented design."); *Five Star Gourmet Foods, Inc.*, 2020 WL 513287, at *9 ("[E]ven were the court to consider the merits of defendant's argument and make a factual determination, . . . prior art is potentially relevant to the determination, and the parties have not adequately addressed its impact."); *Lights Out Prods., LLC*, 2022 WL 2159278, at *2-3 ("[A] comparison with the prior art at the motion to dismiss stage is usually inappropriate.").

Given that "a comparison of the protected designs with the accused products demonstrates a sufficient visual similarity to at least render infringement of the ['529 and '530] Patent[s] plausible," the Court declines to dismiss Claims One and Two for failure to state a claim under the "ordinary observer" test. *Deckers Outdoor Corp. v. J.C. Penney Co. Inc.*, 45 F. Supp. 3d 1181, 1186 (C.D. Cal. 2014).

### C.      False Advertising Under 15 U.S.C. § 1125(a)(1)(B)

Under the Lanham Act, "[s]ection 1125(a) [] creates two distinct bases of liability: false association, § 1125(a)(1)(A), and false advertising, § 1125(a)(1)(B)." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 122, 134 (2014).

A false advertising claim "requires a showing that (1) the defendant made a false statement either about the plaintiff's or its own product; (2) the statement was made in commercial advertisement or promotion; (3) the statement actually deceived or had the tendency to deceive a substantial segment of its audience; (4) the deception is material; (5) the defendant caused its false statement to enter interstate commerce; and (6) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to the defendant, or by a lessening of goodwill associated with the plaintiff's product." *Jarrow Formulas, Inc. v. Nutrition Now, Inc.,* 304 F.3d 829, 835 n.4 (9th Cir. 2002) (citing *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d at 1134, 1139 (9th Cir. 1997)). If an advertisement is not literally false, one can recover under the Lanham Act "if it can be shown that the advertisement has misled, confused, or deceived the consuming public." *Southland Sod Farms*, 108 F.3d at 1140.

Here, the FAC alleges two types of false advertising: (1) in a statement that the Lei Defendants made on product page on Amazon.com, listing questions and answers about their product; and (2) in statements made by the Amazon Defendants in describing their Brand Registry service.

### 1.      *The Lei Defendants' statement on the Amazon.com answer page*

The FAC alleges that the Lei Defendants posted, on an Amazon.com product answer page, a statement "that Defendants' Pillow Products were designed in the United States but are manufactured in China." ECF No. 18 at ¶ 30. The FAC does not allege that the statement is false, but rather that it is "materially deceptive and likely caused confusion among customers." *Id.* at ¶ 31. The FAC does not explain how the statement is materially deceptive or how it likely confused the consuming public.

"District courts in the Ninth Circuit have held that the heightened pleading standard of Federal Rule of Procedure 9(b) applies to false advertising claims and requires the plaintiff to plead the 'time, place, and specific content of the false representations,' the identities of the parties to the misrepresentation, and what about the statement is claimed to be misleading." *Seoul Laser Diebord Sys. Co. v. Serviform, S.r.l.*, 957 F. Supp. 2d 1189, 1200 (S.D. Cal. 2013) (quoting *Epicor Software Corp. v. Alternative Tech. Solutions, Inc.*, No. SACV 13–00448, 2013 WL 2382262, at *4 (C.D. Cal. May 9, 2013)). The FAC does not meet this standard.

In opposing the Lei Defendant's motion to dismiss, Plaintiff concedes that this statement "is arguably true," but alleges that the Lei Defendants "made the statement to deceive customers into believing Defendants' products were not counterfeit or otherwise not infringing the intellectual property rights of another person or entity." ECF No. 27 at 21. Even with this explanation of the Lei Defendants' alleged intent, the Court does not see how a true statement that a product was designed in the United States is a representation that the product does not infringe any third party's intellectual property rights. The Lei Defendants' motion to dismiss Claim Three is granted as to Plaintiff's allegation of false advertising based on the Amazon.com answer page.[2]

### 2.  *The Amazon Defendants' statements about their Brand Registry*

The FAC alleges that the Amazon Defendants made numerous statements about the Amazon.com Brand Registry service, referring to exhibits attached to the FAC:

> 55.   Exhibit 12 shows how the Amazon Defendant's Brand Registry services page advertises "Automated Protections" that are "[p]owered by Amazon's Machine Learning."

> 56.   Exhibit 12 further details how the Amazon Defendants' "Automated Protections" are alleged to "continuously scan [their]

---

[2]   In dismissing Claim Three as to Plaintiff's Amazon.com answer page allegations, the Court declines to rule on the Amazon Defendants' argument that the Communications Decency Act, 47 U.S.C.A. § 230(c)(1), shields them from liability. ECF No. 23-1 at 7-8.

stores and proactively remove suspected counterfeits." The continuous scanning is alleged to "scan over 5 billion daily listing update attempts."

57. Exhibit 13 provides another screenshot of the Amazon Defendant's public Brand Registry services page, from June 6, 2019, which expressly specifies that violations concerning "copyright, trademark, and patent" (emphasis added) are handled by the Amazon Defendant's Brand Registry services.

58. Exhibits 21 and 22 provide additional screenshots of the Amazon Defendant's public Brand Registry page from November 25, 2022. As illustrated in Exhibit 21, the Amazon Defendants advertise the ability of Brand Registry to "save valuable time" and allow users to report "patent[] and design right violations." The Brand Registry page of Exhibit 21 again promotes "[a]utomated protections" that use "advanced machine learning that prevents bad listings." The Brand Registry page of Exhibit 22 goes even further by suggesting the Brand Registry service can "[r]emove counterfeits instantly" "without the need to contact [Amazon]."

ECF No. 18 at ¶¶ 55-58.

The FAC does not allege that any of the statements identified above are false; nor does the FAC identify which particular statements are misleading, or explain how they are misleading, as required by Rule 9(b). *See Seoul Laser*, 957 F. Supp. 2d at 1200. Instead, the FAC seems to allege that taking *all of the statements together*, a consumer would reasonably expect the Brand Registry service to work better or faster than it did for Plaintiff. ECF No. 18 at ¶ 59 ("Plaintiff asserts that a reasonable buyer. . . would take the statements from Exhibits 12, 13, 21, and 22 seriously and as fact, and thereby expect the Brand Registry service to be a rapid, 'automated' tool for 'instantly' removing design infringing products from the Amazon website."); ¶ 63 ("[A] consumer would reasonably expect the service to actually identify and 'proactively' remove products that infringed Plaintiff's Patents."). But a reasonable consumer's disappointment that a service did not work as well or as quickly as hoped, does not amount to false advertising. *See Newcal Indus., Inc. v. Ikon Off. Sol.*, 513 F.3d 1038, 1053 (9th Cir. 2008) (holding that "a statement

that is quantifiable, that makes a claim as to the 'specific or absolute characteristics of a product,' may be an actionable statement of fact while a general, subjective claim about a product is non-actionable puffery," and cannot support liability for false advertising under the Lanham Act).

The Supreme Court has held that "to come within the zone of interests in a suit for false advertising under § 1125(a), a plaintiff must allege an injury to a commercial interest in reputation or sales." *Lexmark Int'l, Inc.*, 572 U.S. at 131-32. "A consumer who is hoodwinked into purchasing a disappointing product may well have an injury-in-fact cognizable under Article III, but he cannot invoke the protection of the Lanham Act—a conclusion reached by every Circuit to consider the question." *Id.* at 132. The Court further explained that "[e]ven a business misled by a supplier into purchasing an inferior product is, like consumers generally, not under the [Lanham] Act's aegis." *Id.*

Here, the FAC positions Plaintiff as a dissatisfied consumer of the Amazon Defendants' Brand Registry service. Plaintiff's opposition brief insists that he is within the zone of interests protected by the Lanham Act, and cites the negative impact he has alleged in Paragraphs 55 to 67 of the FAC. ECF No. 27 at 16. Those paragraphs only allege harm to Plaintiff based on the Brand Registry not working as well or as quickly as it should have—in short, he is a disappointed customer. Plaintiff does not allege, for example, that false statements by the Amazon Defendants about the Brand Registry service caused consumers to withhold trade from Plaintiff.

Plaintiff thereby fails to state a claim for false advertising under the Lanham Act. The Amazon Defendants' motion to dismiss Claim Three is granted as to Plaintiff's allegation of false advertising based on the Brand Registry statements.[3]

//

---

[3]     In dismissing Claim Three as to Plaintiff's Amazon.com Brand Registry allegations, the Court declines to rule on the Amazon Defendants' argument that their applicable terms of service require venue in the Western District of Washington. ECF No. 23-1 at 7-8.

**D.      False Association Under 15 U.S.C. § 1125(a)(1)(A)**

Under the Lanham Act, "[t]o prevail on a claim of false association or false designation of origin, a plaintiff must show that '(1) defendant uses a designation (any word, term, name, device, or any combination thereof) or false designation of origin; (2) the use was in interstate commerce; (3) the use was in connection with goods or services; (4) the designation or false designation is likely to cause confusion, mistake, or deception as to (a) the affiliation, connection, or association of defendant with another person, or (b) as to the origin, sponsorship, or approval of defendant's goods, services, or commercial activities by another person; and (5) the plaintiff has been or is likely to be damaged by these acts.'" *Zamfir v. Casperlabs, LLC*, 528 F. Supp. 3d 1136, 1143-44 (S.D. Cal. 2021) (quoting *United Tactical Sys., LLC v. Real Action Paintball, Inc.*, 143 F. Supp. 3d 982, 1015 (N.D. Cal. 2015)). To determine likelihood of confusion in a false association case, the Ninth Circuit applies an eight-factor test modeled after the factors set forth in *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979). *See Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1007 (9th Cir. 2001).

Here, Plaintiff's claim for false association is based on his allegation that "the Lei Defendants utilized unauthorized images of the Plaintiff's likeness (e.g., the Plaintiff's face as viewed from multiple angles) on advertising and packaging media." ECF No. 18 at ¶ 28. However, Plaintiff does not allege that the Lei Defendants' use of his likeness is likely to cause confusion, mistake, or deception as to his association with the Lei Defendants' products. Nor does he plead facts that would plausibly support such an allegation; Plaintiff does not allege, for example, any facts that would establish that his likeness is recognizable by would-be consumers. *See White v. Samsung Elecs. Am., Inc.*, 971 F.2d 1395, 1400 (9th Cir. 1992) ("If Vanna White is unknown to the segment of the public at whom Samsung's ad was directed, then that segment cannot be confused as to whether she was endorsing Samsung's product."). Plaintiff also fails to allege that that the Lei Defendants' use of his likeness resulted in any harm to Plaintiff.

Plaintiff fails to state a claim for false association under the Lanham Act. The Amazon Defendants' motion to dismiss Claim Four is granted.

### E.    Copyright Infringement

Before pursuing a federal infringement claim, "a copyright claimant generally must comply with [17 U.S.C.] § 411(a)'s requirement that 'registration of the copyright claim has been made.'" *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019) (quoting 17 U.S.C. § 411(a)). This registration requirement is satisfied when the U.S. Copyright Office: (1) registers a copyright; or (2) refuses registration after the required "deposit, application, and fee . . . have been delivered to the Copyright Office in proper form[.]" *Id.* (quoting § 411(a)). In other words, action by the Copyright Office is required before a federal infringement lawsuit may be filed. *Id.* at 889.

Plaintiff applied for copyright registrations after this action was filed. ECF No. 27 at 23. Plaintiff had not obtained registration of his works before filing the Complaint, as required by § 411(a) and the Supreme Court's opinion in *Fourth Estate*. Given that Plaintiff's works may become registered, the question remains whether the Court should grant leave to amend when Plaintiff may obtain a copyright registration after the claim for copyright infringement was filed.

Neither the Supreme Court nor the Ninth Circuit has directly addressed this question. *See Washoutpan.com, LLC v. HD Supply Constr. Supply Ltd.*, No. 2:19-cv-00494-AB (JEMx), 2019 WL 9050859, at *2-3 (C.D. Cal. Aug. 5, 2019) ("Whether a plaintiff who improperly files suit before obtaining copyright can cure that defect by amending the complaint after the Copyright Office completes registration has not been squarely addressed by the Supreme Court or by the Ninth Circuit."); *Izmo, Inc. v. Roadster, Inc.*, No. 18-CV-06092-NC, 2019 WL 2359228, at *2 (N.D. Cal. June 4, 2019) ("The Supreme Court's opinion, however, did not squarely address the issue here: whether a copyright claimant may amend its complaint to include subsequently registered material.").

However, following the Supreme Court's opinion in *Fourth Estate*, most district courts to address the question have ruled that a plaintiff who improperly files a copyright

suit before obtaining registration cannot cure that defect by amending the complaint after registration. *See*, *e.g.*, *Roblox Corp. v. WowWee Group Ltd.*, No. 22-cv-04476-SI, 2023 WL 2433970, at *4 (N.D. Cal. Mar. 9, 2023) ("[T]he Court agrees with other courts in this district that permitting plaintiffs to cure their failure to register the copyright before suing would undermine *Fourth Estate*."); *Fisher v. Nissel*, No. CV 21-5839-CBM-(KSx), 2022 WL 16961479, at *6 (C.D. Cal. Aug. 15, 2022) (dismissing copyright claim without leave to amend); *Rawls v. Paradise Artists, Inc.*, No. 3:18-0417, 2020 WL 1493610, at *7 (M.D. Tenn. Mar. 27, 2020) ("[T]he Court therefore opts for compliance with *Fourth Estate*, and because Plaintiff initiated this action without satisfying 17 U.S.C. § 411(a) as to all subject works, concludes the action cannot proceed. Dismissal of the third amended complaint without prejudice is the appropriate outcome."); *Ambrosetti v. Oregon Cath. Press*, 458 F. Supp. 3d 1013, 1020 (N.D. Ind. 2020) (dismissing copyright claim without prejudice); *Izmo*, 2019 WL 2359228 at *2 (holding that plaintiff could not amend its complaint to assert copyright infringement of photographs that were not registered at the time it initiated the lawsuit); *Washoutpan.com*, 2019 WL 9050859 at *3 (dismissing plaintiff's claim "without prejudice to refiling an action when Plaintiff can satisfy the registration requirement."); *Malibu Media, LLC v. Doe*, No. 18-CV-10956 (JMF), 2019 WL 1454317 (S.D.N.Y. Apr. 2, 2019) at *1 ("The Court holds that such a prematurely filed suit must be dismissed notwithstanding a plaintiff's post-registration amendment."). *But see*, *e.g.*, *Lickerish Ltd. v. Maven Coal., Inc.*, No. CV 20-5621, 2021 WL 3494638, at *1 (C.D. Cal. Jan. 29, 2021) (holding Ninth Circuit's policy favoring amendment permits amendment of an existing lawsuit to add newly asserted claim for copyright infringement as long as the copyright issued before the amendment).

These cases typically reason that to permit amendment would undermine Congress's choice to "maintain[] registration as prerequisite to suit," as recognized by the Supreme Court in *Fourth Estate*. *Malibu Media*, 2019 WL 1454317, at *2 (quoting *Fourth Estate*, 139 S. Ct. at 891); *see also Izmo*, 2019 WL 2359228, at *2 ("The Supreme Court has made clear that the registration requirement of § 411(a) was akin to an administrative exhaustion

requirement that the owner must satisfy before suing to enforce ownership rights."); *Ambrosetti*, 458 F. Supp. 3d at 1020 (finding "that allowing leave to amend the complaint undermines the Supreme Court's holding of *Fourth Estate*."); *Roblox*, 2023 WL 2433970 at *4.

This Court agrees. Plaintiff had not obtained registration of the works at issue before filing the Complaint, as required by § 411(a) and the Supreme Court's opinion in *Fourth Estate*. Accordingly, the Court dismisses the copyright infringement claim without leave to amend. This dismissal is without prejudice to refiling a new action.

### F.   Allegations Against Defendant Peter Lei

The Lei Defendants also argue that the FAC fails to allege sufficient facts against Defendant Peter Lei to state a claim against him.

The FAC alleges the following as to Defendant Lei:

> 24.     During April and May of 2022, Counsel for Plaintiff discovered that Hangzhou Jiuze Technology Co., Ltd. ("the Jiuze Co."), located in the People's Republic of China, manufactured Defendants' Pillow Products for Defendants according to an "agreement" that was created under false pretenses and at the personal direction of Defendant Peter Lei. This discovery came about during discussions between Counsel for Plaintiff, and Mr. Max Jiang and Mrs. Amy Yan, agents of the Jiuze Co., as shown in Exhibit 4.

> 25.     Upon information and belief, and as indicated by the correspondence in Exhibit 4, Defendant Peter Lei personally provided electronic communications to, and signed an "agreement" with, the Jiuze Co., before August 16, 2018, in furtherance of causing the Jiuze Co., under false pretenses, to customize and manufacture Defendants' Pillow Products that are identical to the designs claimed in the Deetsch Patents and to the CPAP Pillow Products sold by Plaintiff.

> 26.     Upon information and belief, and as indicated in the correspondence attached as Exhibit 4, Defendant Peter Lei's electronic communications, referenced in Paragraph 25, fraudulently indicated to the Jiuze Co., that Defendant Peter Lei had permission to cause the manufacturing and/or importation of Defendants' Pillow Products that

were identical to the designs claimed in the Deetsch Patents and to Plaintiff's CPAP Pillow Products.

ECF No. 18. Exhibit 4 to the FAC, cited in each of the three paragraphs quoted above, does not refer to Peter Lei; does not purport to be a communication by Peter Lei; and does not appear to refer to an "agreement."

In opposing the Lei Defendants' motion to dismiss, Plaintiff characterizes these three paragraphs as follows: "Plaintiff asserts that Defendant Peter Lei personally made the decision to contract out the third-party manufacturing of infringing goods under false pretenses, and thereafter personally made the decision to sell the infringing goods all over the world via the internet. (See the FAC at Paragraphs 25-27)." ECF No. 27 at 9. But that is not what those paragraphs say.

Claims One and Two allege that the Lei Defendants infringed Plaintiff's Patents by using, selling, offering for sale, and importing the Lei Defendants' pillow products. ECF No. 18 at ¶¶ 77-84. The basis for the allegations against Lumia is clear enough, but not for the allegations against Lei. The same goes for Plaintiff's claims under the Lanham Act. The Lei Defendant's motion to dismiss all claims against Peter Lei is granted.

## III. LEAVE TO AMEND

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." "This policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). On the other hand, leave to amend is appropriately denied where amendment would be futile. *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008). Here, the Court's dismissal of Claim Three and Claim Four, and of Claims One and Two as to Defendant Peter Lei, is with leave to amend. Dismissal of Claim Five, as discussed above, is without leave to amend.

//

//

IV.    **MOTION TO SEVER AND TO STAY**

The Amazon Defendants' motion to dismiss asks, in the alternative, to sever and stay the claims against them. ECF No. 23. They appear to argue that they should not have to bear the cost of defending a lawsuit where they "have no knowledge about the substantive infringement allegations," and "played no role in the design or manufacture of the Accused Products." ECF No. 23-1 at 6.

Federal Rule of Civil Procedure 21 provides that a court "may … sever any claim against a party." "There is no established test in the Ninth Circuit for when a district court should exercise its broad discretion to sever a claim under Rule 21." *Cnty. of Mono v. Liberty Utils.*, No. 2:21-cv-834, 2022 WL 3368440, at *1 (E.D. Cal. Aug. 16, 2022) (quoting *Arcure v. Cal. Dep't of Develop. Servs.*, No. 1:13-cv-00541-LJO-BAM, 2014 WL 346612, at *6 (E.D. Cal. Jan. 30, 2014)). In determining whether to sever a claim, a court may consider: "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." *SEC v. Leslie*, No. C 07-3444, 2010 WL 2991038, at *4 (N.D. Cal. July 29, 2010) (citation omitted). None of these factors favor severance here. The Court is not persuaded that the Amazon Defendants would suffer undue prejudice by being required to continue to defend the claims against them. The Amazon Defendants' request to sever is denied.

V.    **MOTION TO STRIKE**

Plaintiff filed a motion to strike a supplemental document filed by the Amazon Defendants. ECF No. 34. The supplemental document, ECF No. 30, submitted by the Amazon Defendants in support of its motion to sever, is a notice of a recent order issued in the Western District of Texas. Plaintiff is correct that this supplemental document was filed without leave of Court and contrary to the undersigned's Chambers Civil Procedures.

However, as the Court did not rely on this non-binding authority in denying the Amazon Defendants' motion to sever, Plaintiff's motion to strike is denied as moot.

## VI.  MOTION TO AMEND

Plaintiff has moved to amend the First Amended Complaint to drop his Copyright claim. ECF No. 36. Because the Court has dismissed that claim, Plaintiff's motion is denied as moot.

## VII.  CONCLUSION

For the foregoing reasons:

1.     The Lei Defendants' motion to dismiss the FAC [ECF No. 20] is **GRANTED IN PART** and **DENIED IN PART**.

2.     The Amazon Defendants' motion to dismiss the FAC [ECF No. 23] is **GRANTED IN PART** and **DENIED IN PART**.

3.     The Court **DISMISSES** Claims Three, Four, and Five of the First Amended Complaint, as well as Claims One and Two against Defendant Peter Lei only.

4.     Plaintiff is **GRANTED** leave to amend his pleading, with the exception of Claim Five. If Plaintiff chooses to file a Second Amended Complaint, he must file within twenty-one (21) days of the date of this Order; otherwise, the portions of the First Amended Complaint that have not been dismissed will remain the operative pleading, and Defendant Peter Lei will be dismissed from the action.

5.     The Amazon Defendants' motion to sever [ECF No. 23] is **DENIED**.

6.     Plaintiff's motion to strike [ECF No. 34] is **DENIED** as moot.

7.     Plaintiff's motion to amend [ECF No. 36] is **DENIED** as moot.

**SO ORDERED**.

Dated:  July 21, 2023

_____
Hon. Robert S. Huie
United States District Judge

21

22-cv-1166-RSH-BLM