CODY R. LEJEUNE (CSB No. 249242)
cody@lejeunelawfirm.com
**LEJEUNE LAW, P.C.**
402 W. Broadway
Suite 400
San Diego, CA 92101
Telephone: (985) 713-4964

Attorneys for Defendants
PETER LEI, LUMIA PRODUCTS CO. LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD DEETSCH, an individual, | Case No.: 3:22-cv-01166-RSH-BLM |
| Plaintiff, | |
| v. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETER LEI'S AND LUMIA PRODUCTS CO. LLC'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| PETER LEI, an individual; LUMIA PRODUCTS CO. LLC, a limited liability company; AMAZON.COM, INC., a corporation; and AMAZON.COM SERVICES LLC, a limited liability company, | |
| Defendants. | |

## TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................1

II. LEGAL STANDARD………………………………………………………...4

II. ARGUMENT…………………………………………………………………...4

    A.  The SAC Should be Dismissed Under the Doctrine of Claim Preclusion……………………………………………………………………4

    B.  Lumia's Product Does Not Infringe the '529 Patent: Lumia Does Not Sell or Market a CPAP Pillow Insert…...…………………………………………7

    C.  The Court Should Dismiss Plaintiff's Lanham Act Claims……………….9

        1.  The SAC's False Advertising Claims Violate the Court's Order and Rule 15 …………………………………………………………………9

        2.  Plaintiff Lacks Standing to Assert a False Advertising Claim Under the Lanham Act……………………………………………………….10

        3.  Plaintiff's Allegations Do Not Satisfy the Heightened Pleading Standard of Rule 9(b)……………………………………………………10

    D.  The Court Should Dismiss the Claims Against Peter Lei……...…………11

    E.  Plaintiff Should Not be Given Leave to Amend……………………..……13

IV. CONCLUSION…………..…....……………………………………………...14

# TABLE OF AUTHORITIES

**Cases**

*Al-Site Corp. v. VSI Int'l, Inc.*, 174 F.3d 1308, 1331 (Fed. Cir. 1999) ............................. 17

*Anderson v. Kimberly-Clark Corp.*, 570 F. Appx. 927, 934 (Fed. Cir. 2014) ................ 3, 11

*Arminak & Asscs. v. Saint-Gobain Calmar*, 424 F. Supp.2d 1188, 1202 (C.D. Cal. 2006) ............................................................................................................................... 4, 5

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ........................................................................ 2

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007) .................................................. 2

*Bragel Intl., Inc. v. Kohl's Dept. Stores, Inc.*, 217CV07414RGKSSX, 2018 WL 7890856, at *1–2 (C.D. Cal. July 25, 2018) ................................................................................ 15

*Colida v. Nokia, Inc.*, 347 F. Appx. 568, 570 (Fed. Cir. 2009) ...................................... 3, 11

*Comm. for Id.'s High Desert, Inc. v. Yost*, 92 F.3d 814, 823 (9th Cir. 1996) ................... 17

*Crocs, Inc. v. Int'l. Trade Comm'n.*, 598 F.3d 1294, 1303 (Fed. Cir. 2010) ....................... 2

*Dastar Corp. v. Twentieth Cent. Fox Film Corp.*, 539 U.S. 23, 37 (2003) ................. 13, 14

*Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 679-680 (Fed. Cir. 2008). ........... 2, 3

*Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015) ........ 3

*Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 888–89 (2019) ............................................................................................................................. 18, 19

*FreecycleSunnyvale v. The Freecycle Network, Inc.*, C 06-00324 CW, 2006 WL 2060431, at *5 (N.D. Cal. July 25, 2006) ................................................................... 16

*Gajo v. Chicago Brand*, 17-CV-00380-EMC, 2017 WL 2473142, at *4 (N.D. Cal. June 8, 2017) ............................................................................................................................ 17

*In re Mann*, 861 F.2d 1581, 1582 (Fed. Cir. 1988) ............................................................. 2

*Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) .................... 19

*Lexmark Int'l, Inc. v. StaticControl Components, Inc.*, 134 S. Ct. 1377, 1384 (2014) ..... 13

*Murphy Tugboat Co. v. Shipowners & Merchs. Towboat Co.*, 467 F. Supp. 841, 852 (N.D. Cal. 1979) ..................................................................................................... 16, 17

*Nutrition Distrib., LLC v. New Health Ventures, LLC*, 16-CV-02338-BTM-MDD, 2017 WL 2547307 ................................................................................................................. 1

*NuVasive, Inc. v. Alphatec Holdings, Inc.*, 18-CV-347-CAB-MDD, 2018 WL 2734881 .1, 5, 8, 19

*O'Connor v. Uber Techs., Inc.*, C-13-3826 EMC, 2013 WL 6354534, at *18 (N.D. Cal. Dec. 5, 2013) ..................................................................................................... 16, 17

*OddzOn Products v. Just Toys*, 122 F.3d 1396, 1404 (Fed. Cir. 1997) ............................. 2

*Performance Designed Products LLC v. Mad Catz, Inc.*, 2016 WL 3552063, at *5 (S.D. Cal. 2016). ....................................................................................................................... 3

*Seoul Laser Dieboard System Co., Ltd. v. Serviform, S.r.l.*, 957 F. Supp. 2d 1189, 1199 (S.D. Cal. 2013) ................................................................................................. 13, 14, 15

*Siegler v. Sorrento Therapeutics, Inc.*, 318CV01681GPCNLS, 2019 WL 581719, at *19-20 (S.D. Cal. Feb. 13, 2019) ........................................................................................... 16

*United Tactical Sys., LLC v. Real Action Paintball, Inc.*, 143 F. Supp. 3d 982, 1016 (N.D. Cal. 2015) ......................................................................................................................... 17

*Virco Mfg. Corp. v. Hertz Furniture Sys., LLC*, CV 13-02205 JAK, 2014 WL 12591481, at *3 (C.D. Cal. Jan. 3, 2014) ............................................................................................. 4

*Washoutpan.com, LLC v. HD Supply Construction Supply Ltd.*, No. 2:19-cv-00494-AB (JEMx), 2019 WL 9050859, at *2 (C.D. Cal. Aug. 5, 2019) ........................................ 19

*Wordtech Sys., Inc. v. Integrated Networks Sols., Inc.*, 609 F.3d 1308, 1313 (Fed. Cir. 2010) ..................................................................................................................................... 1

**Statutes**

15 U.S.C. § 1125(a)(1)(A) ................................................................................................ 14

15 U.S.C. § 1125(a)(1)(B) ................................................................................................ 14

15 U.S.C. §1125(a) ........................................................................................................... 13

17 U.S.C. § 411(a) ............................................................................................................ 18

Federal Rule of Civil Procedure 12(b)(6) .......................................................................... 2

Federal Rule of Civil Procedure 9(b) ................................................................... 1, 15, 16

## I. INTRODUCTION

Plaintiff has been transferring his patents from one entity to another and then back and forth to himself for over five (5) years now. As a result, Plaintiff has woven a complex web of entities that have owned the '529 and '530 Patents ("Asserted Patents") at one point in time. Plaintiff Deetsch first allegedly sold his patents to TA International LLC ("TA") on or about October 8, 2018. TA then, on March 6, 2020, assigned all interest in the Asserted Patents back to Deetsch. Then, on February 22, 2022, TA released any implied or actual claims associated with the Asserted Patents. Finally, on March 3, 2022, TA signed a document titled "Patent Rights" which claimed that TA did not file the March 6, 2020 Assignments with the USPTO. These documents were disclosed by Plaintiff as an exhibit to a complaint that he, as CEO of Psyche Comfort Products, LLC dba Pro-Pap, filed against Defendants in the International Trade Commission ("ITC") on or about April 21, 2022. *See* Declaration of Cody R. LeJeune in Support of Motion to Dismiss ("LeJeune Decl."), Ex. A, at 10 (ITC Complaint), 99-103 (Patent sales and assignments). Plaintiff later withdrew the Complaint on May 10, 2022. LeJeune Decl., Ex. B.

Aside from Plaintiff's numerous transfers of the ownership of the Asserted Patents, the Court should dismiss the entirety of Plaintiff's Second Amended Complaint ("SAC") for a host of reasons.

First, all of Plaintiff's claims are barred by claim preclusion, or *res judicata*. Years before filing the ITC complaint against Defendant, Plaintiff filed a lawsuit against Defendants for patent and copyright infringement, and a final judgment on the merits was entered. On October 16, 2019, Plaintiff filed a claim in the Small Claims division of San Diego Superior Court, which entered a judgment of $5,000 against Defendants after a trial. *Id*., Exs. C (Small Claims Docket/Register of Actions); D (Amended Complaint) and E (Original Judgment). Lumia appealed the judgment to San Diego Superior Court, which reversed the judgment and entered a judgment in favor of Defendant after a trial *de novo*, issuing a decision on the merits that Plaintiff failed to attach the patents at issue and that plaintiff TA International LLC was not an LLC in good standing. *Id*. Exs. F (Final Minute

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETER LEI'S AND LUMIA PRODUCTS CO. LLC'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

3:22-cv-01166-RSH-BLM

Order) and G (Final Judgment). Accordingly, the entirety of Plaintiff's SAC should be dismissed under the doctrine of claim preclusion. *See Sommer v. City of Redondo Beach*, 218CV08896SJOFFM, 2019 WL 2970835, at *5 (C.D. Cal. Mar. 12, 2019) ("The finality of a small claims judgment applies equally to the doctrine of res judicata.").

Second, Plaintiff's cause of action for infringement of the '529 Patent, titled "Pillow Insert" should be dismissed because it is undisputed that Plaintiff does not sell a pillow insert:



Screenshot of Plaintiff's Exhibit to the SAC, Dkt. 44-5, at PID 826.

Further, Plaintiff has not alleged that Lumia sells a CPAP pillow insert. Thus, the correct analysis of design patent infringement should be figures of the '529 Patent compared to the Lumia Product as it is sold, marketed and intended for normal use; i.e., with the pillowcase, not just an insert. When this analysis is performed, it is clear that an ordinary observer would not be deceived into believing that the Lumia Product is the same as the patented design from the '529 Patent.

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETER LEI'S AND LUMIA PRODUCTS CO. LLC'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

3:22-cv-01166-RSH-BLM

 

Screenshot of Plaintiff's Exhibit to the SAC, Dkt. 4405, at PIDs 844-849.

Third, the Court should also dismiss Defendant Peter Lei as the FAC does not cure the defects from the SAC: it makes no specific factual allegations supporting a plausible cause of action that would support an alter ego theory of liability. The allegations in the SAC do not distinguish between the purported actions of Lei and Lumia, and it fails to plausibly allege why Lei is personally liable. Defendant Lei should be dismissed with prejudice.

Next, Plaintiff's Lanham Act claims should be dismissed and/or stricken for numerous reasons. They should be stricken because Plaintiff changed his theory of liability without leave of the Court. Plaintiff's Lanham Act claims in the FAC against Defendants Lumia and Lei concerned only the statement made on the Amazon.com answer page that "Defendants' Pillow Products were designed in the United States but are manufactured in China." Order, at 11. After the Court dismissed the claims based on Plaintiff's concession that this statement was "arguably true" (Id.), Plaintiff now seemingly asserts a brand-new theory of false advertising: that Lumia has not shipped the correct products associated with certain ASINs. Plaintiff cannot assert an unauthorized new theory of false advertising liability based on a completely different set of facts without first obtaining leave of court. *See Lin v. Chi. Title Ins. Co.*, 2010 WL 11549337, at *1–2 (C.D. Cal. Sept. 2, 2010), aff'd, 501 F. App'x 655 (9th Cir. 2012);

Alternatively, Plaintiff's false advertising claims should be dismissed due to lack of standing. Plaintiff cannot state a false advertising claim under the Latham Act as he – as

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETER LEI'S AND LUMIA PRODUCTS CO. LLC'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

3:22-cv-01166-RSH-BLM

an individual – has not lost any sales flowing directly from the purported false adverting. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 131-32 (2014).

And finally, Plaintiff's new theory of false advertising does not cure the defect present in the FAC: that the claim is "subject to the heightened pleading standard under Rule 9(b) because it is "grounded in fraud." *Nutrition Distrib., LLC v. New Health Ventures, LLC*, 16-CV-02338-BTM-MDD, 2017 WL 2547307, at *7 (S.D. Cal. June 13, 2017). Plaintiff's confusing, babbling allegations do not specify which statements are false or misleading or provide any further details that would satisfy the heightened standard of Rule 9(b). Because Plaintiff has not provided sufficient details regarding his false advertising claims, they should be dismissed with prejudice.

The Court should dismiss the Complaint in its entirety and should not allow Plaintiff an opportunity to amend, as it would be futile.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007). Dismissal is appropriate if the complaint fails to state enough facts to raise a reasonable expectation that discovery will reveal evidence of the matter complained of, or if the complaint lacks a cognizable legal theory under which relief may be granted. *Twombly*, 550 U.S. at 556.

## III. ARGUMENT
### A. The SAC Should be Dismissed Under the Doctrine of Claim Preclusion

"*Res judicata*, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997); *accord Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir.2002); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708,

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETER LEI'S AND LUMIA PRODUCTS CO. LLC'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

3:22-cv-01166-RSH-BLM

713 (9th Cir. 2001). Res judicata is applicable whenever there is: "(1) an identity of claims[;] (2) a final judgment on the merits[;] and (3) identity or privity between parties." *W. Radio Servs. Co.*, 213 F.3d at 1192 (citing Blonder-Tongue Lab. V. Univ. of Ill. Found., 402 U.S. 313, 323-34 (1971); *see also Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005).

On October 16, 2019, TA International, LLC/Todd Deetsch filed a claim against Defendant Lumia Products Co LLC and Peter Lei in small claims for the Superior Court of San Diego, titled TA International LLC/Todd Deetsch vs Lumia Products Co LLC (Peter Lei was later named as a defendant and in the judgment); Case No. 37-2019-00055582-SC-CL-CTL. *See* LeJeune Decl., Exs. C and D. The court held a trial on November 13, 2020 and entered judgment against Lumia and Lei in the amount of $5,000 and $150 in costs. *Id.*, Ex. E. Defendants appealed the judgment to San Diego Superior Court on November 30, 2020, and a trial was held on February 26, 2021, wherein the court entered a final judgment in favor of Defendants Lei and Lumia because TA International LLC was not a valid LLC and because Plaintiffs did not provide the court with their patents so they did not meet their burden. *Id.*, Ex. F. The court then entered a final judgment in favor of Defendants. *Id.*, Ex. G.

Importantly, the "finality of a small claims judgment applies equally to the doctrine of res judicata." *Sommer v. City of Redondo Beach*, 218CV08896SJOFFM, 2019 WL 2970835, at *5 (C.D. Cal. Mar. 12, 2019); *see also, Rasooly v. California*, 2015 WL 122167, at *8 (N.D. Cal. Mar. 17, 2015 (finding that even though the truth of plaintiff's allegations were not resolved, a demurrer sustained establishing that plaintiff did not have a proper cause of action in the Superior Court should "be treated as a final judgment on the merits for the purposes of *res judicata*.");

Where "both [a] small claims court action and [a] federal court action arise from the same incident and involve the same injury to the plaintiff and wrong by the defendants, both involve the same right and constitute the same cause of action." *Rucker v. City of Oakland*, 39 F.3d 1188, at *1 (9th Cir. Oct. 31, 1994). Indeed, res judicata still applies to

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETER LEI'S AND LUMIA PRODUCTS CO. LLC'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

3:22-cv-01166-RSH-BLM

"a plaintiff who chooses to bring his claim to a limited court of jurisdiction when he could have brough the same claim in a court of broader jurisdiction." *Rucker,* 39 F.3d 1188, at *2 (*citing Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 383 n.3 (1985)).

First, this case involves the same parties as the small claims action. The plaintiffs in the small claims case were both TA International LLC and Todd Deetsch, and the defendants were Lumia and Lei. Ex. C, at 1. Because Deetsch is a plaintiff in both actions, this element is satisfied. Further, Deetsch and TA are in privity, which "exists where a mutual or successive relationship to the same rights or property [is established] and involves a person so identified in interest with another that he represents the same right." *Sommer,* 2019 WL 2970835, at *3-4. TA International, Pro-Pap and Deetsch all operate at the same address: 208 Linney Avenue, Louisville, KY 40243. *See* Ex. A, at 5; SAC, at ¶1; Dkt. 44-1, at PID 666.

Second, the two cases concerned the same causes of action and involved the same nucleus of facts: plaintiff's allegations that defendant is infringing his patents. Plaintiff's addition of false advertising claims is of no consequence. Here, Plaintiff "could have elected to bring his claims in a federal…court with jurisdiction over his claims." Sommer, 2019 WL 2970835, at *5. Like Sommer, however, Plaintiff "chose to seek relief in small claims court." Id. As confirmed in *Sommer*:

> The law is clear here on two fronts: (1) when a plaintiff chooses his own forum for his initial suit, pleading additional facts and different theories of recovery in a secondary suit is insufficient to avoid the preclusion effect of a final judgment regardless of whether the initial court lacked jurisdiction over certain claims; and (2) because Plaintiff's instant claims stem from the same primary acts as those in his small claims actions, they arise from the same "claims" or "causes of actions."

*Sommer*, 2019 WL 2970835, at *5.

Third, a final judgment was entered. The small claims court initially entered a final judgment against Defendants on November 13, 2020 in the amount of $5,150 (Ex. C) and then ruled for Defendants after appeal (Ex. A at 5). "A valid final judgment, including those rendered by a small claims court, precludes the plaintiff from maintaining any later suit on the same cause of action." Sommer, 2019 WL 2970835, at *6. Accordingly, "Plaintiff is finally bound by the small claims court's judgment and is precluded from bringing any subsequent litigation involving the same controversy." *Id*.

Finally, the small claims decision was decided on the merits based on the court's reasoning that Plaintiffs did not attach the patents to the complaint and brought the action under an inappropriate LLC. Ex. C (Minute Order), at 2. A ruling that plaintiff "did not have a proper cause of action in the Superior Court…should be treated as a final judgment on the merits for the purposes of *res judicata*." *Sommer,* 2019 WL 2970835, at *7, citing *Rasooly,* 2015 WL 122167, at *8. As in *Sommer* and *Rasooly,* "[a]lthough the truth of Plaintiff's allegations were not resolved when the lower court ruled…the judgment still stands as a final judgment *on the merits* for the purposes of *res judicata*." *Id*.

Because Plaintiff's claims are barred by the doctrine of *res judicata*, any amendment would be futile so the dismissal of Plaintiff's claims should be with prejudice. *See Sommer,* 2019 WL 2970835, at *7.

**B.    Lumia's Product Does Not Infringe the '529 Patent: Lumia Does Not Sell or Market a CPAP Pillow Insert**

To determine design patent infringement, courts consider both "features visible at the time of sale," and also "those features visible at any time in the 'normal use' lifetime of the accused product…[N]ormal use in the design patent context extends from the completion of manufacture or assembly until the ultimate destruction, loss, or disappearance of the article." *Virco Mfg. Corp. v. Hertz Furniture Sys., LLC*, CV 13-02205 JAK, 2014 WL 12591481, at *3 (C.D. Cal. Jan. 3, 2014), citing *Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1241 (Fed. Cir. 2009); *Arminak & Asscs. V. Saint-Gobain Calmar*, 424 F. Supp.2d 1188, 1202 (C.D. Cal. 2006) (internal quotations omitted).

However, the '529 Patent is titled "Pillow Insert" and discloses a CPAP pillow insert without a pillowcase. Unlike normal pillows, CPAP pillows are sold and marketed with a pillowcase. Lumia, for example, only sells and markets its CPAP pillow with a pillowcase:



Screenshot of Exhibit to SAC, Dkt. 44-5, at PID 826.

Importantly, Plaintiff does not allege that the Lumia Pillow Products are sold, marketed or even intended to be used without a pillowcase or as only an insert. And that is because Lumia does not sell a CPAP pillow insert. CPAP pillows – and specifically the Lumia Products – are used with a pillowcase because of the need for users to attach a CPAP machine to the straps of the pillowcase. As shown above, Lumia only offers its CPAP that includes a pillowcase. Lumia does not market its CPAP pillow without the pillowcase and does not include pictures of CPAP inserts without the pillowcase.

Plaintiff only includes comparisons of the figures from the '529 Patent to alleged pictures of a Lumia CPAP pillow insert without a pillowcase. *See* Dkt. No. 44-5 at PID 844. This is fatal to Plaintiff's claim of patent infringement for the '529 Patent. However,

when a correct infringement analysis is conducted (i.e., side-by-side comparison of patent figures to accused product), it is obvious that an ordinary observer would not mistake a pillow insert for a pillow with a pillowcase:

 

Screenshot of Plaintiff's Exhibit to the SAC, Dkt. 4405, at PIDs 844-849.

Accordingly, because use of a CPAP pillow, including Lumia's CPAP pillow, without a pillowcase is not visible at the time of sale and is not a normal use, the Court must dismiss Plaintiff's patent infringement claims relating to the '529 Patent with prejudice. *See Arminak & Associates, Inc. v. St.-Gobain Calmar, Inc.*, 424 F. Supp. 2d 1188, 1193 (C.D. Cal. 2006), aff'd, 501 F.3d 1314 (Fed. Cir. 2007).

### C. The Court Should Dismiss Plaintiff's Lanham Act Claims

The Court should dismiss Plaintiff's Lanham Act claims. First, Plaintiff presents a new theory of false advertising inconsistent with and not disclosed in the FAC in violation of the Court's Order and Rule 15. Second, Plaintiff does not have standing to allege false advertising. Third, the SAC does not allege a false statement or plead false advertising with enough specificity to satisfy Rule 9(b).

#### 1. The SAC's False Advertising Claims Violate the Court's Order and Rule 15

Plaintiff's false advertising claims should be dismissed and/or stricken because Plaintiff changed his theory of liability without leave of the Court. Plaintiff's false advertising claims in the FAC against Defendants Lumia and Lei concerned only the

statement made on the Amazon.com answer page that "Defendants' Pillow Products were designed in the United States but are manufactured in China." Order, at 11. After the Court dismissed the claims based on Plaintiff's concession that this statement was "arguably true" (*Id.*), Plaintiff now seemingly asserts a brand-new theory of false advertising: that Lumia has not shipped the correct products associated with certain ASINs. Plaintiff cannot assert an unauthorized new theory of false advertising liability based on a completely different set of facts without first obtaining leave of court. *See Lin v. Chi. Title Ins. Co.*, 2010 WL 11549337, at *1–2 (C.D. Cal. Sept. 2, 2010), aff'd, 501 F. App'x 655 (9th Cir. 2012).

### 2. Plaintiff Lacks Standing to Assert a False Advertising Claim Under the Lanham Act

Plaintiff's false advertising claims should be dismissed due to lack of standing. Plaintiff cannot state a false advertising claim under the Latham Act as he – as an individual – has not lost any sales flowing directly from the purported false adverting. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 131-32 (2014).

Here, Plaintiff must show an injury to its business reputation or present and future sales and the injury must flow directly from the deception. *Lexmark,* 572 U.S. at 131-134. In other words, Plaintiff's alleged deception must cause consumers to withhold trade from Plaintiff. *Id*. at 133-134.

However, the SAC is silent as to the Plaintiff's lost sales or business reputation – or regarding Plaintiff's peculiar relationship to Pro-Pap or TA International. Indeed, Plaintiff concedes only in exhibits that he is the president or CEO of Pro-Pap and that it was Pro-Pap that lost sales – not Deetsch. See Exhibit 7 to the SAC, Dkt. 44-1, at PID 662-663. Thus, Plaintiff Deetsch did not himself lose any sales due to Defendants' alleged conduct.

Accordingly, Plaintiff's false advertising claims should be dismissed.

### 3. Plaintiff's Allegations Do Not Satisfy the Heightened Pleading Standard of Rule 9(b)

And finally, Plaintiff's new theory of false advertising does not cure the defect present in the FAC: that the claim is "subject to the heightened pleading standard under

10

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETER LEI'S AND LUMIA PRODUCTS CO. LLC'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

3:22-cv-01166-RSH-BLM

Rule 9(b) because it is "grounded in fraud." *Nutrition Distrib., LLC v. New Health Ventures, LLC*, 16-CV-02338-BTM-MDD, 2017 WL 2547307, at *7 (S.D. Cal. June 13, 2017).

Plaintiff's allegations fail to identify any wrongful conduct and do not specify which statements are false or misleading; nor do they provide any further details that would satisfy the heightened standard of Rule 9(b). Indeed, Plaintiff does not allege that Defendant made "any representations to consumers concerning Plaintiff's products." *See Sky Billiards, Inc. v. WolVol, Inc.,* CV1502182RGKKKX, 2016 WL 7479426, at *2 (C.D. Cal. Feb. 22, 2016).

Plaintiff's allegations regarding Lumia's ASINs fail to satisfy Rule 9(b). Plaitniff does not explain why any of these actions were "false and deceptive," as required by Rule 9(b). *See In re GlenFed, Inc. Securities Litig.*, 42 F.3d 1541, 1549 (9th Cir. 1994), ("a plaintiff must set forth, as part of the circumstances constituting fraud, an explanation as to why the disputed statement was untrue or misleading when made.").

In addition, Plaintiff brought claims individually and not on behalf of his company, ProPap.net. As a result, Plaintiff Deetsch and neither Lumia nor Lei are competitors. Thus, because Plaintiff is not a competitor of any of the Defendants, he fails to state a claim for false advertising for this reason as well. *See FreecycleSunnyvale v. The Freecycle Network, Inc.*, C 06-00324 CW, 2006 WL 2060431, at *5 (N.D. Cal. July 25, 2006)

Because Plaintiff has not provided sufficient details regarding his false advertising claims, they should be dismissed with prejudice.

### D. The Court Should Dismiss the Claims Against Peter Lei

Plaintiff's allegations against Peter Lei in the SAC merely recycle and repeat allegations against Lei from the FAC.

Courts have consistently stated that a corporate executive will not be held vicariously liable, merely by virtue of his office, for the torts of his corporation. *Murphy Tugboat Co. v. Shipowners & Merchs. Towboat Co.*, 467 F. Supp. 841, 852 (N.D. Cal. 1979); *Siegler v. Sorrento Therapeutics, Inc.*, 318CV01681GPCNLS, 2019 WL 581719, at *19-20 (S.D.

11

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETER LEI'S AND LUMIA PRODUCTS CO. LLC'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

3:22-cv-01166-RSH-BLM

Cal. Feb. 13, 2019). "Personal liability must be founded upon specific acts by the individual director or officer." *Murphy Tugboat*, 467 F. Supp. at 852 (emphasis added).

California law does not impose liability on corporate officers merely for their role in a company. *O'Connor v. Uber Techs., Inc.*, C-13-3826 EMC, 2013 WL 6354534, at *18 (N.D. Cal. Dec. 5, 2013) (citing, *United States Liab. Ins. Co. v. Haidinger-Hayes, Inc.*, 1 Cal. 3d 586, 595 (1970). The corporate form insulates a company's officers from certain liabilities because the legal fiction of the corporation as an independent entity—and the special benefit of limited liability permitted thereby—is intended to insulate officers from liability. *Id.* at *61-62. Personal liability must be founded upon specific "inherently wrongful conduct" by the individual officer. E.g., *Murphy Tugboat*, 467 F. Supp. at 852; *Siegler*, 2019 WL 581719, at *19.

As required by the 9th Circuit, the SAC fails to allege specific facts about how Lei "authorized or directed" the patent infringement conduct alleged in the SAC. See *Comm. for Id.'s High Desert, Inc. v. Yost*, 92 F.3d 814, 823 (9th Cir. 1996). This defect alone is fatal as there is no plausible claim for relief against Lei without pleading factual allegations of personal liability. See *Murphy Tugboat*, 467 F. Supp. at 852 ("[p]ersonal liability [for torts] must be founded upon specific acts by the individual director or officer"); *see also, O'Connor*, 2013 WL 6354534, at *18 (a complaint merely "identifying [the corporate officers'] roles in the corporation and alleging that they were 'responsible' for pay practices and employment policies does not make it plausible that they were personally liable"); *United Tactical Sys., LLC v. Real Action Paintball, Inc.*, 143 F. Supp. 3d 982, 1016 (N.D. Cal. 2015) (noting that claims against individual officers are insufficient where the plaintiff fails to provide allegations showing how the officers actually directed or participated in the infringement directly).

Personal liability for patent infringement requires sufficient evidence to justify piercing the corporate veil. *Al-Site Corp. v. VSI Int'l, Inc.*, 174 F.3d 1308, 1331 (Fed. Cir. 1999). The "'corporate veil' shields a company's officers from personal liability for direct infringement that the officers commit in the name of the corporation, unless the corporation

is the officers' 'alter ego.'" *Wordtech Sys., Inc. v. Integrated Networks Sols., Inc.*, 609 F.3d 1308, 1313 (Fed. Cir. 2010). For patent infringement and Lanham Act claims, absent factual allegations of alter ego, there is no basis for liability against an individual officer of an accused corporate infringer. *See Gajo v. Chicago Brand*, 17-CV-00380-EMC, 2017 WL 2473142, at *4 (N.D. Cal. June 8, 2017).

Again, the SAC is silent as to facts that would support an alter ego theory or justify piercing the corporate veil, which the Federal Circuit has held is required for personal liability to attach in patent infringement cases. *See Al-Site Corp*, 174 F.3d at 1331 ("Personal liability under § 271(a), however, requires sufficient evidence to justify piercing the corporate veil."). There is nothing in the SAC supporting an alter ego or veil-piercing theory of liability. The Court should dismiss Lei from the complaint entirely.

### E. Plaintiff Should Not be Given Leave to Amend

Plaintiff should not be given leave to amend yet again because it is impossible for him to state facts to correct the above referenced deficiencies in its infringement claim. In other words, no set of facts will make the Lumia pillows substantially similar to the claimed designs, make Defendant Lei liable, or allow Plaintiff to allege plausible Lanham Act claims.

Allowing Plaintiff an opportunity to amend the SAC would be futile. District courts have discretion to dismiss pleadings with prejudice in such circumstances. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008); *NuVasive*, 2018 WL 2734881, at *5 (In dismissing design patent infringement claims, the Court did not give leave to amend "because any amendment would be futile in light of the plain dissimilarities between the claimed design and accused product.").

The Court should not give Plaintiff leave to amend.

## IV. CONCLUSION

For the reasons stated herein, the SAC should be dismissed. Because amendment is futile, the Court should not allow Plaintiff leave to amend the SAC.

Dated: August 24, 2023                           **LEJEUNE LAW, P.C.**

                                                 By:   /s/Cody R. LeJeune
                                                       ――――――――――――――――
                                                       Cody R. LeJeune
                                                       402 W. Broadway
                                                       Suite 400
                                                       San Diego, CA 92101
                                                       Phone: (985) 713-4964

                                                       Attorneys for Defendants,
                                                       PETER LEI, an individual; LUMIA
                                                       PRODUCTS CO. LLC, a limited liability
                                                       company

14

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETER LEI'S AND LUMIA PRODUCTS CO. LLC'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

3:22-cv-01166-RSH-BLM