UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD DEETSCH,<br><br>                         Plaintiff,<br><br>v.<br><br>PETER LEI, et al.,<br><br>                        Defendants. | Case No.: 22-cv-1166-RSH-BLM<br><br>**ORDER DENYING MOTION TO SEAL**<br><br>[ECF No. 93] |

    Before the Court is Plaintiff's Motion to Seal ("Motion"). ECF No. 93. Plaintiff requests leave to file three exhibits under seal in conjunction with Plaintiff's anticipated reply claim construction brief and motion for summary judgment. *Id.* at 4. The documents were designated "Confidential" or "Confidential – For Counsel Only" by Defendants during discovery pursuant to the protective order entered in this case. *Id.* at 2. For the reasons below, the Court denies the Motion.

**I.    LEGAL STANDARD**

    "[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point."

*Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citations omitted). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Kamakana*, 447 F.3d at 1178 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that "is more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1101. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id*. at 1097–99. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id*. The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon,* 435 U.S. at 599.

## II.   ANALYSIS

Here, the only basis Plaintiff has provided for filing the referenced documents under seal is Defendants' designation of these documents as "Confidential" or "For Counsel Only" pursuant to the protective order. *See* ECF No. 93-1. Pursuant to the Court's Civil Chamber Rules, Plaintiff's counsel states he e-mailed Defendants' counsel on October 16, 2024 to determine Defendants' position as to whether the documents should be filed under seal. Declaration of Patrick Cummins [ECF No. 93-2 ("Cummins Decl.")] ¶¶ 3-4.[1] Counsel for the Amazon Defendants responded any documents

---

[1] This Court's Civil Chamber Rules state in relevant part: "Parties often seek to seal a document only because another party designated the document as sensitive under a

designated "Confidential" or "For Counsel Only" should be filed under seal. *Id.* ¶ 7. Counsel for the Lei Defendants did not respond. *Id.* ¶ 8. Plaintiff filed the instant Motion to Seal on October 21, 2024. ECF No. 93. Under the Civil Chamber Rules, as the designating parties, Defendants were required "to file a response to the sealing motion within ***seven (7) days.***" *See* Civil Chamber Rules VIII (emphasis in original). Defendants have not done so. *See* Docket.

The mere designation of materials as "Confidential" or "For Counsel Only" in discovery is not sufficient to meet either the good cause or compelling reason standard to seal. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003) ("Once the [sealed discovery] documents are made part of a dispositive motion . . . they lose their status of being raw fruits of discovery, and no longer enjoy protected status without some overriding interests in favor of keeping the discovery documents under seal."); *Cadles of W. Va. v. Alvarez*, No. 20-CV-2534 TWR (WVG), 2023 U.S. Dist. LEXIS 54540, at *3 (S.D. Cal. Mar. 29, 2023) ("The existence of a stipulated protected order is not enough, standing alone, to justify sealing under the [more permissive] good cause standard."). As Defendants have provided no other basis regarding the need to seal these exhibits, the request to seal is **DENIED.**

///
///
///
///
///

---

protective order, including with a "confidential" or "attorneys' eyes only" designation. In these circumstances, the moving party must first meet and confer with the designating party to determine whether the designating party maintains that any portion of the document must be filed under seal. If so, the moving party must file a motion to seal. In addition, the designating party must file a response to the sealing motion within seven (7) days that satisfies the sealing standard . . . . If no response is filed, the Court may order that the document be filed in the public record." Civil Chamber Rules § VIII.

1 | Plaintiff may publicly re-file the documents lodged in connection with his October 21, 2024 Motion to Seal [ECF No. 94] in this case.

**IT IS SO ORDERED.**

Dated: October 29, 2024

_Robert S. Huie_
_____
Hon. Robert S. Huie
United States District Judge