UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| TODD DEETSCH, | Case No.: 22-cv-1166-RSH-BLM |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL** |
| PETER LEI, et al., | |
| Defendants. | [ECF No. 97] |

Before the Court is Plaintiff's Motion to Seal ("Motion"). ECF No. 97. Plaintiff requests leave to file four exhibits and portions of its response to Defendants' opening claim construction brief under seal. ECF No. 97-1 at 3–4. Defendants Amazon.com, Inc. and Amazon.com Services LLC (the "Amazon Defendants") filed a response. ECF No. 105. Defendants Peter Lei and Lumia Products Co. LLC (the "Lei Defendants") have not responded and the time to do so has passed. *See* Docket. For the reasons set forth below, the Court grants in part and denies in part the Motion.

I.   **LEGAL STANDARD**

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one

1  'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point."
2  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "The
3  presumption of access is 'based on the need for federal courts, although independent—
4  indeed, particularly because they are independent—to have a measure of accountability
5  and for the public to have confidence in the administration of justice.'" *Ctr. for Auto*
6  *Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States*
7  *v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

      A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Kamakana*, 447 F.3d at 1178 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that "is more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1101. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id*. at 1097–99. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id*. The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon,* 435 U.S. at 599.

**II.   ANALYSIS**

    **A.   Exhibits A and B**

      Exhibits A [ECF No. 98] and B [ECF No. 98-1] are documents produced by and later designated by the Lei Defendants in discovery as "Confidential." ECF No. 97-1 at 2. Defendants have not provided a basis for sealing these documents and their mere designation as "Confidential" is not sufficient to meet either the good cause or compelling reason standard to seal. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003) ("Once the [sealed discovery] documents are made part of a dispositive motion . . . they lose their status of being raw fruits of discovery, and no longer enjoy protected status without some overriding interests in favor of keeping the

discovery documents under seal."); *Cadles of W. Va. v. Alvarez*, No. 20-CV-2534 TWR (WVG), 2023 U.S. Dist. LEXIS 54540, at *3 (S.D. Cal. Mar. 29, 2023) ("The existence of a stipulated protected order is not enough, standing alone, to justify sealing under the [more permissive] good cause standard."). For these reasons, Plaintiff's request to seal Exhibits A and B is **DENIED**.

### B.  Exhibit C

Exhibit C [ECF No. 98-2] is a document produced by and later designated by the Lei Defendants as "For Counsel Only" in discovery. The document contains financial information regarding the Lei Defendants' sale of products, including units sold and pricing. The Amazon Defendants argue compelling reasons exist to seal Exhibit C because their competitors could ascertain information regarding "the success third parties enjoyed using the Amazon website to sell certain types of products over time." ECF No. 105 at 7.

The Court first notes Plaintiff already moved to seal the information contained in Exhibit C in connection with a separate motion to seal on October 21, 2024. *Compare* ECF No. 94-1 at 5–7 *with* 98-2 at 3. Defendants did not take a position on whether these documents should be filed under seal within the applicable time limit. *See* Docket. For these reasons, the Court granted Plaintiff permission to publicly file this information. However, Plaintiff did not publicly file Exhibit C, but is instead still seeking leave to file this exhibit under seal. ECF No. 104-4. For these reasons, the Court will continue to the merits of the Amazon Defendants' response.

Here, the Court agrees Exhibit C contains non-public, commercially sensitive information that could be potentially damaging to the Amazon Defendants' competitive standing. The Amazon Defendants offer an online platform for third-party sellers. Non-public information regarding the sales a third-party seller was able to accomplish on the Amazon platform could be used to the Amazon Defendants' detriment. *See Primus Grp., Inc. v. Inst. for Envtl. Health, Inc.,* 395 F. Supp. 3d 1243, 1267 (N.D. Cal. 2019) ("[S]ources of business information that might harm a litigant's competitive standing may

. . . constitute a compelling reason to seal, as may a company's confidential profit, cost, and pricing information that if publicly disclosed could put the company at a competitive disadvantage.") (internal quotation marks and citation omitted); *Price v. Synapse Grp., Inc.*, No. 16-cv-1524-BAS-BLM, 2018 U.S. Dist. LEXIS 170413, at *4 (S.D. Cal. Oct. 1, 2018) (finding compelling reason to seal exhibit containing "pricing and financial information relating to certain partners and customers of [defendant], which could harm [defendant]'s competitive standing if it were disclosed"). For these reasons, Plaintiff's request to seal Exhibit C is **GRANTED**.[1]

### C. Exhibit G

Plaintiff's request to seal Exhibit G [ECF No. 98-3] is **DENIED** as moot. Plaintiff did not include or reference Exhibit G in his amended responsive claim construction brief. *See* ECF No. 104. The Court takes no position as to whether Exhibit G meets the standard for sealing.

### D. Plaintiff's Response to Defendant's Opening Claim Construction Brief

Finally, Plaintiff moves to file portions of its responsive claim construction brief under seal. ECF Nos. 97 at 2; 98-4. On November 4, 2024, with the Court's leave, Plaintiff filed an amended responsive claim construction brief. ECF No. 104. The amended brief replaces Plaintiff's original brief. *See* ECF No. 102 at 1. For these reasons, Plaintiff's request to file the unredacted version of its original responsive claim construction brief is **DENIED** as moot.

With respect to Plaintiff's amended responsive brief, the only objection the Amazon Defendants may have had to Plaintiff's responsive claim construction brief was removed in Plaintiff's amended version. ECF No. 105 at 4. Defendants do not provide any other basis for sealing any portion of Plaintiff's amended brief.

---

[1] The Court does not, however, find compelling reasons to seal the generalized references to Exhibit C in Plaintiff's amended responsive claim construction brief [ECF No. 104] or Mr. Patrick Cummins' supporting declaration [ECF No. 104-1].

## III. CONCLUSION

For the reasons above, the Court rules as follows:

1. Plaintiff's Motion to Seal is **GRANTED IN PART** and **DENIED IN PART.**

2. Plaintiff is **DIRECTED** to publicly file Exhibits A and B [ECF Nos. 98; 98-1] in their entirety **within seven days** of the electronic docketing of this Order.

3. The Clerk of Court is **DIRECTED** to file Exhibit C [ECF No. 98-2] under seal.

**IT IS SO ORDERED.**

Dated: November 6, 2024

_____
Hon. Robert S. Huie
United States District Judge