UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD DEETSCH,<br><br>                              Plaintiff,<br><br>   v.<br><br>PETER LEI, LUMIA PRODUCTS CO.<br>LLC, AMAZON.COM, INC., and<br>AMAZON.COM SERVICES LLC,<br><br>                              Defendants. | Case No.:  22-cv-1166-RSH-BLM<br><br>**CLAIM CONSTRUCTION ORDER** |

In this case, Plaintiff Todd Deetsch alleges that Defendants Peter Lei, Lumia Products Co. LLC ("Lumia"), Amazon.com, Inc. ("Amazon"), and Amazon.com Services LLC ("Amazon Services") infringe U.S. Design Patents Nos. D595,529 ("the '529 Design Patent") and D595,530 ("the '530 Design Patent") (collectively "the Asserted Design Patents"). On September 9, 2024, the Parties filed their Joint Claim Construction Hearing Statement, Chart, and Worksheet in accordance with Patent Local Rule 4.2. ECF Nos. 82–84. On October 15, 2024, the Parties filed their Opening Claim Construction Briefs. ECF Nos. 91, 92. On October 28, 2024, the Parties filed their Responsive Claim Construction

Briefs. ECF Nos. 95, 96. On November 4, 2024, Plaintiff filed an Amended Responsive Claim Construction brief. ECF No. 104. After considering the parties' claim construction briefing, the Court issues the following claim construction order.

## I.  BACKGROUND

Plaintiff is the designer and seller of patented, continuous positive airway pressure ("CPAP") pillow products, which are sold through his webstore ProPap.net and through many other retailers. ECF No. 44, Second Amended Complaint ("SAC") ¶ 10. Plaintiff is the inventor and owner of the '529 Design Patent and the '530 Design Patent. *See* United States Design Patent No. D595,529 at [76] (issued Jul. 7, 2009); United States Design Patent No. D595,530 at [76] (issued Jul. 7, 2009). Plaintiff alleges that Defendants infringe the asserted Design Patents by using, selling, offering for sale, and importing into the United States pillow products that embody and are identical to the designs claimed in the Asserted Design Patents. ECF No. 44, SAC ¶¶ 15, 90.

The '529 Design Patent is entitled "Pillow Insert" and was issued on July 7, 2009. '529 Design Patent at [45], [54]. The '529 Design Patent contains a single claim reciting: "The ornamental design for a pillow insert, as shown and described." *Id.* at [57].

The seven figures in the '529 Design Patent are set forth below:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



*Fig. 1*



*Fig. 2*

Exhibit 1
Page 2 of 102



Fig. 3



Fig. 4



Fig. 5



*Fig. 6*



*Fig. 7*

Ex
Page 4

22-cv-1166-RSH-BLM

1    The '530 Design Patent is entitled "Pillow With X Straps" and was issued on July 7,

2    2009. '530 Design Patent at [45], [54]. The '530 Design Patent contains a single claim

3    reciting: "The ornamental design for a pillow with x straps, as shown and described." *Id.*

4    at [57].

5    The seven figures in the '530 Design Patent are set forth below:



*Fig. 1*



*Fig. 2*

Ex
Page 6

22-cv-1166-RSH-BLM



Fig. 3



Fig. 4



Fig. 5



*Fig. 6*

*Fig. 7*

Exhib

Plaintiff filed the present action against Defendants on August 9, 2022. ECF No. 1. On August 10, 2023, Plaintiff filed a Second Amended Complaint (the "SAC," the operative complaint) against Defendants, alleging claims for: (1) infringement of the '529 Design Patent; (2) infringement of the '530 Design Patent; (3) false advertising regarding

Amazon's Brand Registry Service in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B); and (4) false advertising regarding Amazon's marketing metrics in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). *See* ECF No. 44, SAC ¶¶ 189–212.

On January 24, 2024, the Court granted in part and denied in part Defendants Lei and Lumia's motion to dismiss, and the Court granted the Amazon Defendants' motion to dismiss. ECF No. 54 at 19. Specifically, the Court dismissed from the SAC claims three and four against the Amazon Defendants and claim four against Defendant Peter Lei. *Id.*; *see also* ECF No. 73. Thereafter, the Defendants each filed answers to the operative complaint. ECF Nos. 58, 59, 74.

On April 24, 2024, the Court issued a scheduling order for the action. ECF No. 66. On May 13, 2024, the Court issued an amended scheduling order. ECF No. 70. By the present claim construction charts, worksheets, and briefs, the Parties dispute the proper construction of the sole claim in the '529 Design Patent and the sole claim in the '530 Design Patent. *See* ECF No. 84 at 1, 4; ECF No. 92 at 4, 9.

## II.    LEGAL STANDARD

Claim construction is an issue of law for the court to decide. *Teva Pharms. USA, Inc. v. Sandoz, Inc.*, 574 U.S. 318, 326 (2015); *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372 (1996). A district court's duty at claim construction is to resolve disputes about claim scope that have been raised by the parties. *Eon Corp. IP Holdings v. Silver Spring Networks*, 815 F.3d 1314, 1319 (Fed. Cir. 2016) (citing *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008)).

Design patents protect only "new, original and ornamental design for an article of manufacture." 35 U.S.C. § 171(a); *see Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1293 (Fed. Cir. 2010) ("[A] design patent, unlike a utility patent, limits protection to the ornamental design of the article."). "Moreover, design patents protect the overall ornamentation of a design, not an aggregation of separable elements." *Sport Dimension, Inc. v. Coleman Co.*, 820 F.3d 1316, 1322 (Fed. Cir. 2016).

With respect to claim construction for design patents, the Federal Circuit has "instructed trial courts that design patents 'typically are claimed as shown in drawings.'" *Lanard Toys Ltd. v. Dolgencorp LLC*, 958 F.3d 1337, 1342 (Fed. Cir. 2020) (quoting *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 679 (Fed. Cir. 2008) (en banc)). "Words cannot easily describe ornamental designs." *Sport Dimension*, 820 F.3d at 1320. Thus, a design patent's claim is "often better represented by illustrations than a written claim construction." *Sport Dimension*, 820 F.3d at 1320 (citing *Egyptian Goddess*, 543 F.3d at 679).

Nevertheless, there are "a number of claim scope issues" that can arise with respect to design patents "which may benefit from verbal or written guidance." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1333 (Fed. Cir. 2015). The Federal Circuit has explained:

> [A] trial court can usefully guide the finder of fact by addressing a number of other issues that bear on the scope of the claim. Those include such matters as describing the role of particular conventions in design patent drafting, such as the role of broken lines; assessing and describing the effect of any representations that may have been made in the course of the prosecution history; and distinguishing between those features of the claimed design that are ornamental and those that are purely functional.

*Egyptian Goddess*, 543 F.3d at 680 (citations omitted). "[I]n deciding whether to attempt a verbal description of the claimed design, [a district] court should recognize the risks entailed in such a description, such as the risk of placing undue emphasis on particular features of the design and the risk that a finder of fact will focus on each individual described feature in the verbal description rather than on the design as a whole." *Egyptian Goddess*, 543 F.3d at 679–80. "[A] district court's decision regarding the level of detail to be used in describing the claimed design is a matter within the court's discretion." *Id.* at 679.

## III.   ANALYSIS

### A.   The '529 Design Patent

| Plaintiff's Proposed Construction | Defendants' Proposed Construction | Court's Claim Construction |
|---|---|---|
| "The overall visual impression of the ornamental design for a pillow insert, as shown and described in Figures 1-7 of United States Design Patent 595,529." | "A pillow insert having a Superior Indent; Left Superior and Inferior Upper, Lateral Projections; Right Superior and Inferior Upper, Lateral Projections; a Superior Ridge; a Head Recession; an Inferior Ridge; Left Superior and Inferior Lateral Indents; Left Superior and Medial Lower, Inferolateral Projections; Right Superior and Medial Lower, Inferolateral Projections; and an Inferior Indent." | "The overall visual impression of the ornamental design for a pillow insert, as shown and described in Figures 1-7 of United States Design Patent 595,529. The functional aspects of the pillow insert's butterfly shape and orthopedic curve are not part of the claimed design." |

The sole claim of the '529 Design Patent recites: "The ornamental design for a pillow insert, as shown and described." '529 Design Patent at [57]. Plaintiff proposes that this claim be construed as: "The overall visual impression of the ornamental design for a pillow insert, as shown and described in Figures 1-7 of United States Design Patent 595,529." ECF No. 84 at 1. Defendants propose that this claim be construed as: "A pillow insert having a Superior Indent; Left Superior and Inferior Upper, Lateral Projections; Right Superior and Inferior Upper, Lateral Projections; a Superior Ridge; a Head Recession; an

22-cv-1166-RSH-BLM

Inferior Ridge; Left Superior and Inferior Lateral Indents; Left Superior and Medial Lower, Inferolateral Projections; Right Superior and Medial Lower, Inferolateral Projections; and an Inferior Indent." *Id.*

Plaintiff's proposed construction for the '529 Design Patent's claim is consistent with the claim construction standards for design patents set forth by the Federal Circuit. Plaintiff's proposed construction correctly acknowledges that the design claimed is as shown in the patent's figures. *See Lanard Toys*, 958 F.3d at 1342 ("design patents 'typically are claimed as shown in drawings'" (*Egyptian Goddess*, 543 F.3d at 679)). And Plaintiff's proposed construction properly acknowledges that what is claimed is the overall impression of the design as shown in all the figures. *See Sport Dimension*, 820 F.3d at 1322 ("design patents protect the overall ornamentation of a design"); *Contessa Food Prod., Inc. v. Conagra, Inc.*, 282 F.3d 1370, 1379 (Fed. Cir. 2002), *abrogated on other grounds by Egyptian Goddess*, 543 F.3d 665 ("[T]he 'ordinary observer' analysis is not limited to the ornamental features of a subset of the drawings, but instead must encompass the claimed ornamental features of all figures of a design patent.").

Defendants' proposed construction for the '529 Patent's claim seeks to describe the claimed design via a detailed verbal description of the various features purportedly included in the design. The Federal Circuit has advised district courts against adopting claim constructions like the one proposed by Defendants and has referred to these types of constructions as "unwise." *Egyptian Goddess*, 543 F.3d at 680. The Federal Circuit has explained that "detailed verbal claim constructions increase 'the risk of placing undue emphasis on particular features of the design and the risk that a finder of fact will focus on each individual described feature in the verbal description rather than on the design as a whole.'" *Sport Dimension*, 820 F.3d at 1320 (quoting *Egyptian Goddess*, 543 F.3d at 680) *see also Lanard*, 958 F.3d at 1343 ("To be clear, the 'ordinary observer' test for design patent infringement requires the fact finder to 'compar[e] similarities in overall designs, not similarities of ornamental features in isolation.'" (quoting *Ethicon*, 796 F.3d at 1335)). Therefore, "the preferable course ordinarily will be for a district court not to attempt to

'construe' a design patent claim by providing a detailed verbal description of the claimed design." *Egyptian Goddess*, 543 F.3d at 679. In light of this, the Court declines to adopt Defendants' proposed verbal description of the claimed design. *See, e.g.*, *Sofpool LLC v. Kmart Corp.*, No. CIV. S-10-3333 LKK, 2012 WL 3764043, at *3 (E.D. Cal. Aug. 29, 2012) (rejecting defendants' proposed claim construction and noting that it "seems to be exactly the detailed verbal description the Federal Circuit has warned courts not to engage in").

Defendants contend that the '529 Design Patent's claim should be construed to account for functionality. ECF No. 91 at 14–15; ECF No. 95 at 1–2, 3–8. Defendants are correct that "'[w]here a design contains both functional and non-functional elements, the scope of the claim must be construed in order to identify the non-functional aspects of the design as shown in the patent.'" *Lanard Toys*, 958 F.3d at 1342 (quoting *Sport Dimension*, 820 F.3d at 1320); *see Egyptian Goddess*, 543 F.3d at 680 (explaining that it is proper for a claim construction to "distinguish[] between those features of the claimed design that are ornamental and those that are purely functional"). But, confusingly, in their proposed claim construction, Defendants make no attempt to identify the functional and non-functional aspects of the claimed design. Rather, as explained above, Defendants simply list out what they contend are the various features of the claimed design in their proposed construction.

Adding further confusion, although Defendants' proposed construction lists out these various features, Defendants argue in their claim construction brief that the Court should remove all these features from its claim construction because they are all functional. *See* ECF No. 91 at 15 (arguing that the following features should be removed from the Court's claim construction: "Superior Indent; Upper, Lateral Projections; Head Recession; Lateral Indents; Ridges; Lower, Inferolateral Projections; and Inferior Indent"). It is appropriate to construe a design patent claim to identify features that are "purely functional" and explain that those features are excluded from the claimed design. *Egyptian Goddess*, 543 F.3d at 680; *see, e.g.*, *Sport Dimension*, 820 F.3d at 1323 (setting forth claim construction that excluded functional features from the scope of the claim); *Ethicon*, 796

14

F.3d at 1334 (same). In determining whether certain features of the claimed design are purely functional, a court may consider the following factors:

> whether the protected design represents the best design; whether alternative designs would adversely affect the utility of the specified article; whether there are any concomitant utility patents; whether the advertising touts particular features of the design as having specific utility; and whether there are any elements in the design or an overall appearance clearly not dictated by function.

*Sport Dimension*, 820 F.3d at 1322 (quoting *PHG Techs., LLC v. St. John Companies, Inc.*, 469 F.3d 1361, 1366 (Fed. Cir. 2006)).

One of the above factors is whether the patentee's "advertising touts particular features of the design as having specific utility." *Id.* Defendants present the Court with advertising from Plaintiff stating the following: "PRO-PAP™'s patented butterfly shape was designed specifically for the side-sleeping position. The orthopedic roll provides proper support for the neck . . . ." ECF No. 91-1, LeJeune Decl. Ex. 1. Another piece of advertising states:

> The PRO-PAP 2.0 Pillow is a side-sleeper pillow designed to accommodate the patient's [Positive Airway Pressure ("PAP")] mask. The PRO-PAP 2.0 is expected to increase PAP therapy usage due to its features:
>
> 1.    The patented butterfly shape, which reduces contact between the pillow and the patient's mask.
>
> 2.    The patented x-bands, which manages the CPAP tubing, decreasing the drag of the tubing on the patient's mask.
>
> 3.    The pillow's orthopedic curve, which supports the neck.

*Id.* Ex. 2.[1] The statements in the above advertisements demonstrate that certain features of the claimed designed – its butterfly shape and its orthopedic curve – have some specific functionality. Therefore, the functional aspects of those features should be excluded from the scope of the '529 Design Patent's claim. *See Egyptian Goddess*, 543 F.3d at 680; *Sport Dimension*, 820 F.3d at 1323.

But Defendants have failed to show that all of the features of the claimed design are purely functional. The fact that a design has certain functional elements does not preclude the design from also having ornamental elements. *See, e.g.*, *Lanard Toys*, 958 F.3d at 1342; *Sport Dimension*, 820 F.3d at 1323; *Ethicon*, 796 F.3d at 1330–31. A design can have both. *See id.* Although Defendants' evidence shows that the design's butterfly shape and orthopedic curve have functionality, the evidence is insufficient by itself to demonstrate that the entire overall design is functional.

The Federal Circuit has explained that "an inquiry into whether a claimed design is primarily functional should begin with an inquiry into the existence of alternative designs." *Ethicon*, 796 F.3d at 1330. "'[W]hen there are several ways to achieve the function of an article of manufacture, the design of the article is more likely to serve a primarily

---

[1]    In their claim construction briefing, Defendants also cite to a utility patent – U.S. Patent No. 6,913,019 ("the '019 Patent") to support their functionality arguments. *See* ECF No. 91 at 10–11 (citing ECF No. 91-1, LeJeune Decl. Ex. 3); ECF No. 95 at 7. A "concomitant utility patent" can be relevant in considering whether certain features are functional. *Sport Dimension*, 820 F.3d at 1322. But Defendants have failed to demonstrate that the '019 Patent is a concomitant utility patent.

A concomitant utility patent is a utility patent held by the party claiming design patent infringement that covers some of the same features as the asserted design patent. *See Golden Eye Media USA, Inc. v. Trolley Bags UK Ltd.*, 525 F. Supp. 3d 1145, 1188 (S.D. Cal. 2021); *see, e.g.*, *Sport Dimension*, 820 F.3d at 1322; *Ethicon*, 796 F.3d at 1332. Defendants have not provided the Court with any evidence showing that Plaintiff is an owner or assignee of the '019 Patent. To the contrary, the face of the '019 Patent lists as its inventors and owners: Mary Elizabeth Johns and Tracy Nasca. *See* U.S. Patent No. 6,913,019, at [76] (issued Jul. 5, 2005). As such, Defendants have failed to demonstrate that the '019 Patent is relevant to the claim construction issues in this case.

ornamental purpose.'" *Id.* (quoting *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1123 (Fed. Cir. 1993)). "That is, if other designs could produce the same or similar functional capabilities, the design of the article in question is likely ornamental, not functional." *Rosco, Inc. v. Mirror Lite Co.*, 304 F.3d 1373, 1378 (Fed. Cir. 2002).

Plaintiff has provided the Court with evidence showing that alternative designs exist and are available. *See* ECF No. 92 at 18 (citing Exhibit Table 1); ECF No. 98, Ex. A. Defendants have not provided the Court with any evidence regarding alternative designs. In their claim construction brief, Defendants simply argue: "alternative designs are certainly not the best design, and they adversely affect the functionality of the patented design." ECF No. 91 at 9. But attorney argument is not evidence and cannot rebut other admitted evidence. *Icon Health & Fitness, Inc. v. Strava, Inc.*, 849 F.3d 1034, 1043 (Fed. Cir. 2017); *Gemtron Corp. v. Saint-Gobain Corp.*, 572 F.3d 1371, 1380 (Fed. Cir. 2009). Therefore, Defendants have failed to demonstrate that the overall design of the '529 Design Patent is purely functional.[2] *See Ethicon*, 796 F.3d at 1330; *Rosco*, 304 F.3d at 1378. Accordingly, the Court declines to accept Defendants' proposal to adopt a claim construction that excludes all the various features of the design from the scope of the claims. Instead, the Court will include in its construction a clarification that the functional aspects of the pillow insert's butterfly shape and orthopedic curve are not part of the claimed design.[3]

---

[2]    In their claim construction briefing, Defendants also contend that the '529 Design Patent is invalid because its design is primarily functional. *See* ECF No. 91 at 8–14; ECF No. 95 at 2. "[A] design patent cannot claim a purely functional design—a design patent is invalid if its overall appearance is 'dictated by' its function." *Sport Dimension*, 820 F.3d at 1320. For the reasons stated above, Defendants have failed to demonstrate that the '529 Design Patent's overall design is purely functional. *See Ethicon*, 796 F.3d at 1328 (explaining that invalidity of a design patent must be proven by clear and convincing evidence). Therefore, the Court rejects Defendants' challenge to the validity of the '529 Design Patent.

[3]    Plaintiff argues that the identification of functional features in the claimed design is unnecessary here because a comparison of the claimed design with the accused products

1    In sum, the Court declines to adopt Defendants' proposed claim construction.
2    Instead, the Court adopts a modified version of Plaintiff's proposed construction,
3    containing additional language explaining that the functional aspects of the pillow's
4    butterfly shape and orthopedic curve are not part of the claimed design. Accordingly, the
5    Court construes the '529 Design Patent's claim as: "The overall visual impression of the
6    ornamental design for a pillow insert, as shown and described in Figures 1-7 of United
7    States Design Patent 595,529. The functional aspects of the pillow insert's butterfly shape
8    and orthopedic curve are not part of the claimed design."
9    B.    The '530 Design Patent

| Plaintiff's Proposed Construction | Defendants' Proposed Construction | Court's Claim Construction |
|---|---|---|
| "The overall visual impression of the ornamental design for a pillow with X straps, as shown and described in Figures 1-7 of United States Design Patent | "A pillow cover having X Straps; a Superior Indent; Left Superior and Inferior Upper, Lateral Projections; Right Superior and Inferior Upper, Lateral Projections; a Superior Ridge; a Head | "The overall visual impression of the ornamental design for a pillow with X straps, as shown and described in Figures 1-7 of United States Design Patent 595,530, except for the |

demonstrates that they are nearly identical. *See* ECF No. 92 at 5–9, 10–13, 17; ECF No. 104 at 2–3. The Federal Circuit has explained that "it is appropriate for a court to consider the accused device when determining what aspect of the claim should be construed." *Exigent Tech., Inc. v. Atrana Sols., Inc.*, 442 F.3d 1301, 1309 (Fed. Cir. 2006) (citing *SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1118 (Fed. Cir. 1985) (en banc)). Nevertheless, the Federal Circuit has also held: "'[W]here a design contains both functional and non-functional elements, the scope of the claim *must* be construed in order to identify the non-functional aspects of the design as shown in the patent.'" *Lanard Toys*, 958 F.3d at 1342 (emphasis added) (quoting *Sport Dimension*, 820 F.3d at 1320). As such, regardless of any considerations of the accused products, the Court will follow the Federal Circuit's directions and construe the claim to identify the functional and non-functional aspects of the claimed design as shown in the '529 Design Patent.

22-cv-1166-RSH-BLM

| 595,530, except for the person, hose, and mask shown in Fig. 1, and except for the zipper shown in Fig. 7." | Recession; an Inferior Ridge; Left Superior and Inferior Lateral Indents; Left Superior and Medial Lower, Inferolateral Projections; Right Superior and Medial Lower, Inferolateral Projections; and an Inferior Indent." | person, hose, and mask shown in Fig. 1, and except for the zipper shown in Fig. 7. In addition, the functional aspects of the pillow's butterfly shape, orthopedic curve, and X straps are not part of the claimed design." |
|---|---|---|

The sole claim of the '530 Design Patent recites: "The ornamental design for a pillow with X straps, as shown and described." '530 Design Patent at [57]. Plaintiff proposes that this claim be construed as: "The overall visual impression of the ornamental design for a pillow with X straps, as shown and described in Figures 1-7 of United States Design Patent 595,530, except for the person, hose, and mask shown in Fig. 1, and except for the zipper shown in Fig. 7." ECF No. 84 at 4. Defendants propose that the claim be construed as: "A pillow cover having X Straps; a Superior Indent; Left Superior and Inferior Upper, Lateral Projections; Right Superior and Inferior Upper, Lateral Projections; a Superior Ridge; a Head Recession; an Inferior Ridge; Left Superior and Inferior Lateral Indents; Left Superior and Medial Lower, Inferolateral Projections; Right Superior and Medial Lower, Inferolateral Projections; and an Inferior Indent." *Id.*

Much of the Court's analysis regarding the claim construction issues for to the '529 Design Patent applies equally to the claim construction issues for the '530 Design Patent. As with his proposed construction for the '529 Design Patent, Plaintiff's proposed construction for the '530 Design Patent's claim is consistent with the claim construction standards for design patents set forth by the Federal Circuit. Plaintiff's proposed construction correctly acknowledges that the design claimed is the overall ornamental

design shown in all the figures of the patent. *See Lanard Toys*, 958 F.3d at 1342; *Sport Dimension*, 820 F.3d at 1322; *Contessa Food*, 282 F.3d at 1379.

In addition, Plaintiff's proposed construction properly explains that the person, hose, and mask shown in Figure 1 and the zipper shown in Figure 7 are excluded from the claimed design. The Federal Circuit has explained that it is appropriate to construe a design patent claim to explain "the role of broken lines" in design patent drafting. *Egyptian Goddess*, 543 F.3d at 680 (citing 37 C.F.R. § 1.152). "Under the regulations governing design patent drafting, if certain features appearing in the figures of a design patent are not desired to be claimed, a patentee 'is permitted to show the features in broken lines to exclude those features from the claimed design.'" *Catalyst Lifestyle Ltd. v. Elago Co.*, No. 22CV536-LL-MMP, 2023 WL 6168249, at *4 (S.D. Cal. Sept. 21, 2023) (quoting *Contessa*, 282 F.3d at 1379); *see, e.g.*, *Campbell Soup Co. v. Gamon Plus, Inc.*, 10 F.4th 1268, 1271 (Fed. Cir. 2021) ("Many features in the above figure are drawn using broken lines, which, consistent with 37 C.F.R. § 1.152, means they 'represent the article in which the claimed design is embodied, but . . . form[ ] no part of the claimed design.'").

Consistent with this principle, the "Description" of the '530 Design Patent explains:

The broken lines in FIG. 1 showing of the person's head and neck, that person further shown as wearing a sleep mask, are for the purpose of illustrating environmental matter and form no part of the claimed design. The laterally drawn broken lines in FIG. 7 represent environmental matter in the form of a zipper, and form no part of the claimed design.

'530 Design Patent at Description. In light of this, it is proper to include in the Court's construction of the '530 Design Patent's claim an explanation that the person, hose, and mask shown in Figure 1 and the zipper shown in Figure 7 are excluded from the claimed design. *See, e.g.*, *Catalyst*, 2023 WL 6168249, at *4 (including in its construction of a design patent claim the explanation that: "'The broken lines in Figures 1-10 form no part of the claimed design.'"); *Shure Inc. v. Clearone, Inc.*, No. CV 19-1343-RGA-CJB, 2020 WL 6074233, at *9 (D. Del. Oct. 15, 2020) (including in its construction of a design patent

claim the explanation that: "The broken lines in Figures 1-6 of the '723 patent form no part of the claimed design.").

Defendants' proposed construction for the '530 Design Patent's claim again seeks to describe the claimed design via a detailed verbal description of the various features purportedly included in the design. The Court declines to adopt Defendants' proposed construction as the Federal Circuit has explained that such detailed verbal claim constructions are "unwise" and not preferred. *Egyptian Goddess*, 543 F.3d at 679–80; *see Sport Dimension*, 820 F.3d at 1320.

Defendants again request that the Court exclude from its construction all of these purported features of the claimed design because the overall design of the '530 Design Patent is purely functional. *See* ECF No. 91 at 18–20; ECF No. 95 at 3–8. As with the '529 Design Patent, Defendants' evidence is insufficient to demonstrate that the overall design of the '530 Design Patent is purely functional.[4] *See supra*; *Ethicon*, 796 F.3d at 1330; *Rosco*, 304 F.3d at 1378. Defendants' evidence merely shows that certain features of the claimed design – the butterfly shape, the orthopedic curve, and the X straps – have some functionality. As such, the Court declines to accept Defendants' proposal to adopt a claim construction that excludes all the various features of the design from the scope of the claim. Instead, the Court will include in its construction a clarification that the functional aspects of the pillow's butterfly shape, orthopedic curve, and X straps are not part of the claimed design.

---

[4]    In their claim construction brief, Defendants also contend that the '530 Design Patent is invalid because its design is primarily functional. *See* ECF No. 91 at 16–18; ECF No. 95 at 2. "[A] design patent cannot claim a purely functional design—a design patent is invalid if its overall appearance is 'dictated by' its function." *Sport Dimension*, 820 F.3d at 1320. For the reasons stated above, Defendants have failed to demonstrate that the '530 Design Patent's overall design is purely functional. *See Ethicon*, 796 F.3d at 1328 (explaining that invalidity of a design patent must be proven by clear and convincing evidence). Therefore, the Court rejects Defendants' challenge to the validity of the '530 Design Patent.

In sum, the Court declines to adopt Defendants' proposed claim construction. Instead, the Court adopts a modified version of Plaintiff's proposed construction, containing additional language explaining that the functional aspects of the pillow's butterfly shape, orthopedic curve, and X straps are not part of the claimed design. Accordingly, the Court construes the '530 Design Patent's claim as: "The overall visual impression of the ornamental design for a pillow with X straps, as shown and described in Figures 1-7 of United States Design Patent 595,530, except for the person, hose, and mask shown in Fig. 1, and except for the zipper shown in Fig. 7. In addition, the functional aspects of the pillow's butterfly shape, orthopedic curve, and X straps are not part of the claimed design."

## V.    DEFENDANTS' INDEFINITENESS CHALLENGES

In their claim construction briefing, Defendants argue that the Asserted Design Patent are invalid as indefinite under 35 U.S.C. § 112.[5] *See* ECF No. 91 at 20–23; ECF No. 95 at 3, 8–9. The written description of a design patent must meet certain statutory requirements regarding definiteness. *In re Maatita*, 900 F.3d 1369, 1375 (Fed. Cir. 2018). Section 112 of the Patent Act "requires that a patent specification 'conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as [the] invention.'" *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 901 (2014) (quoting 35 U.S.C. § 112 ¶ 2 (pre-AIA)). This provision "'require[s] that a patent's claims, viewed in light of the specification and prosecution history, inform those skilled in the art about the scope of the invention with reasonable certainty.'" *Maatita*, 900 F.3d at 1376 (quoting *Nautilus*, 572 U.S. at 910). "The purpose of § 112's definiteness requirement . . . is to ensure that the disclosure is clear enough to give potential competitors

---

[5]    In their header to this section of their claim construction brief, Defendants contend that the Asserted Design Patents are invalid for both indefiniteness and lack of enablement. ECF No. 91 at 20. But, in the body of this section of the brief, Defendants only argue that the Asserted Design Patents are invalid as indefinite. *See id.* at 20–23. Defendants do not present any arguments regarding enablement.

(who are skilled in the art) notice of what design is claimed—and therefore what would infringe." *Id.*

In the context of design patents, which involve the ordinary observer test, "a design patent is indefinite under § 112 if one skilled in the art, viewing the design as would an ordinary observer, would not understand the scope of the design with reasonable certainty based on the claim and visual disclosure." *Id.* at 1377. "A visual disclosure may be inadequate—and its associated claim indefinite—if it includes multiple, internally inconsistent drawings." *Id.* at 1375. "It is also possible for a disclosure to be inadequate when there are inconsistencies between the visual disclosure and the claim language." *Id.* at 1376. But errors and inconsistencies between drawings or the claim language do not merit a § 112 rejection if they do not preclude the overall understanding of the visual disclosure as a whole. *Id.* at 1375–76.

Design patents enjoy a presumption of validity under 35 U.S.C. § 282. *Ethicon*, 796 F.3d at 1328. In light of this, the party challenging the validity of a design patent has the burden of proving invalidity by clear and convincing evidence. *Id.* (citing *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 95 (2011)).

A.   The '529 Design Patent

Defendants argue that the '529 Design Patent is invalid as indefinite because the height of the claimed design is inconsistent throughout the various depictions of the pillow. *See* ECF No. 91 at 21–22; ECF No. 95 at 8. To support this argument, Defendants contend that Figure 1 of the '529 Design Patent depicts the upper projections of the pillow insert as being the same height as lower projections; but Figures 3 and 4 depict the lower projections as being of a greater height than the upper projections. *Id.* at 21.

The Court does not find any inconsistencies between Figure 1 and Figures 3 and 4. Figure 1 is "a perspective top view of [the] pillow insert." '529 Design Patent at Description. Because it is a top view, it is unclear from the view whether some projections are taller than others or whether they are the same height. And because Figure 1 does not clearly show whether there are any height differences between the various projections,

Figure 1 does not contradict Figures 3, 4, 5, and 6, which do clearly show that the lower projections are greater in height than the upper projections. *See also* ECF No. 104 at 7. For these reasons, the Court rejects Defendants' indefiniteness challenge to the validity of the '529 Design Patent.

  B. The '530 Design Patent

  Defendants argue that the '530 Design Patent is invalid as indefinite for several reasons. All of these arguments fail.

  First, Defendants argue that the '530 Design Patent is indefinite because the patent does not specifically mention the hose as being excluded from the claimed design. ECF No. 91 at 22; ECF No. 95 at 8. Defendants are wrong. The "Description" of the '530 Design Patent explains: "The broken lines in FIG. 1 showing of the person's head and neck, that person further shown as wearing a sleep mask, are for the purpose of illustrating environmental matter and form no part of the claimed design." '530 Design Patent at Description. Plaintiff correctly asserts that the "hose" is part of the "sleep mask." *See* ECF No. 95 at 14. Indeed, consistent with this notion, Figure 1 of the '530 Patent depicts the hose part of the sleep mask in broken lines along with the rest of the sleep mask. *See* '530 Design Patent at fig. 1; *Catalyst*, 2023 WL 6168249, at *4 ("Under the regulations governing design patent drafting, if certain features appearing in the figures of a design patent are not desired to be claimed, a patentee 'is permitted to show the features in broken lines to exclude those features from the claimed design.'"). Therefore, the '530 Design Patent's Description along with the image in Figure 1 clearly explain to one skilled in the art that the hose is not part of the claimed design.

  Second, Defendants argue that the '530 Design Patent is indefinite because it is unclear whether the X straps are part of the claimed design. ECF No. 91 at 22; ECF No. 95 at 8–9. Defendants note that in Figure 1 of the '530 Design Patent, the X straps are depicted as broken lines, which suggests that they do not form part of the claimed design. *Id.* The Court acknowledges that Figure 1's use of broken lines to depict the X straps presents some ambiguity regarding whether the X straps form part of the claimed design. *See Catalyst*,

2023 WL 6168249, at *4; *Campbell Soup*, 10 F.4th at 1271. But any such ambiguity is easily resolved by all the other disclosures contained in the '530 Design Patent. The '530 Design Patent is entitled "Pillow with X straps." '530 Design Patent at [54]. The sole claim of the '530 Design Patent expressly states that the claimed design is "for a pillow with X straps." *Id.* at [57]. And Figures 2, 4, 5, 6, and 7 all show the X straps drawn in solid lines. *See id.* figs. 2, 4–7. These other disclosures in the '530 Design Patent combine to make clear to one skilled in the art that the claimed design includes the X straps. *See Maatita*, 900 F.3d at 1375–76 (explaining that errors and inconsistencies between drawings and the claim language do not merit a § 112 rejection if they do not preclude the overall understanding of the visual disclosure as a whole). Indeed, Defendants' own proposed claim construction for the '530 Design Patent lists the X straps as a claimed feature of the design. *See* ECF No. 84 at 4; ECF No. 91 at 2, 19–20.

Finally, Defendants argue that the '530 Design Patent is indefinite because it is unclear whether the design covers a pillow or a pillow cover. ECF No. 91 at 23; ECF No. 95 at 9. A review of the disclosures in the patent shows that there is no ambiguity regarding whether the claimed design is a pillow or a pillow cover. The '530 Design Patent is entitled "Pillow with X straps." '530 Design Patent at [54]. In addition, the sole claim of the '530 Design Patent expressly states that the claimed design is "for a pillow with X straps." *Id.* at [57]. Thus, the disclosures in the '530 Design Patent clearly state that the claimed design is for a "pillow." For these reasons, the Court rejects Defendants' indefiniteness challenge to the validity of the '530 Design Patent.

## VI.     CONCLUSION

The Court construes the claims as stated in this Order.

**IT IS SO ORDERED.**

Dated:  November 6, 2024

Hon. Robert S. Huie
United States District Judge

22-cv-1166-RSH-BLM